THOMAS I. HILFORD, adm'r. of LYDIA HILFORD, his
late wife,

vs.

JOHN C. WAY, ELIZABETH DAVIS, THOMAS PETERSON, JOHN
W. PETERSON and PETER MASON, adm'r. of MARTHA
MASON, his late wife.

*New Castle, July T.* 1830.

A testator, after bequeathing certain pecuniary legacies, and among others
a legacy of $866.66 to a daughter, and one of $1000.00 to another
daughter, devised the residue of his estate, including some real estate, to
the same daughters, as follows; "My further will is that the remainder
of my estate, if any there be, shall be equally divided between my
two daughters Martha and Lydia, whom I appoint my executors."
Bill filed by the representative of one of the legatees, alleging a defi-
ciency of personal estate and praying that the unpaid balance of the
legacy be charged upon the residuary real estate. *Held*, that the
legacy was a charge on the real estate.

BILL IN EQUITY FOR RAISING A LEGACY OUT OF REAL ESTATE.
—John Way, by his last will and testament, dated August
15th, 1807, bequeathed sundry pecuniary legacies;—among
others, a legacy of $866.66 to his daughter Martha, and a
legacy of $1000.00 to his daughter Lydia. He then de-
vised the residue of his estate as follows : " My further
will is that the remainder of my estate, if any there be,
shall be equally divided between my two daughters afore-
said, Martha and Lydia, whom I appoint my executors."
The testator left both real and personal estate. After his
death letters testamentary were granted to his two
daughters, Martha and Lydia, and to Peter Mason, the
husband of Martha. A testamentary account was passed
in 1816 by Lydia Way, for herself and her sister Martha,
which showed a balance of personal estate unappropriated

of $331.97. Lydia afterwards intermarried with Thomas I. Hilford, who in 1827 passed a testamentary account showing a balance then unappropriated of $749.82. Peter Mason held possession of the testator's real estate from the death of the latter in 1813 until 1818. Lydia Way then came into possession of the real estate and held it, together with her husband, Thomas I. Hilford, after their intermarriage until her death. The rents were only partially accounted for in the testamentary accounts. The unappropriated balance of $749.82, upon the last account, being insufficient to pay the legacy to Lydia, with its interest, this bill was filed for a further account of the rents, and for their application towards payment of the legacy, and that any deficiency should be raised by a sale of the real estate. It appeared from the accounts that the legacy to Martha had been satisfied. The defendants demurred to the bill, and the question raised was upon the construction of the residuary clause of the will above set forth.

*Grubb*, for the complainant.

This is the case of an implied charge, under the general rule that where, after a bequest of legacies, the residue of all the testator's estate, including real estate, is devised, the residuary devisee takes, not as under a specific devise of real estate, but only what remains after the satisfaction of the debts and legacies. This principle was in England first applied to a direction by the testator for the payment of his debts followed by a general residuary devise. 1 *Vernon*, 411 : 3 *Ves. Jr.* 738. The same rule was extended to legacies, and is now fully settled upon authority. 3 *Ves. Jr.* 551 : 2 *Ves.* 325 : *Prec. in Ch.* 264 : 2 *Dall. R.* 131 : 2 *Binn. R.* 530 : 6 *Binn. R.* 395 : 3 *Yeates R.* 294 : *Powell on Exr's.*, 120.

*Wales*, for the defendants.

To support the prayer of the bill it must appear from the will that the testator *intended* to charge the real estate with this legacy. In the absence of express words to that effect there must at least be strong implication. No such intent appears. It is the case of an ordinary pecuniary legacy, to be paid in money, with no direction how it shall be paid, and with no words to shew an intent to charge the real estate. Nor is there ground to imply such intent, but the contrary. The testator devises the residue to the same two daughters who are the legatees, thereby showing that he thought his personal estate sufficient. He left, in fact, a considerable personal estate and but a small amount of debts. The terms of the will and the circumstances of the testator, so far from creating any necessary implication that he meant to charge his real estate, rather raise the presumption that he thought his personal estate sufficient and had no intention to charge any other fund.

JOHNS, SR., CHANCELLOR :—This is a general demurrer. If any part of the case made by the bill entitles the complainant to discovery, or to any relief, it is the general rule that the demurrer must be overruled and the defendant put to answer. 2 *Madd. Ch. Pr.* 283 : 1 *Swanst. R.* 304. The bill alleges that a balance of the legacy bequeathed to Lydia, late the wife of the complainant, remains unpaid, and that there is a deficiency of personal estate and of the rents of the real estate, exclusive of the rents not accounted for by Peter Mason, who for a time held the property and whose wife was Martha, the other legatee. Upon these facts it may be necessary to resort to a sale of the real estate, or of some part of it. The intent of the testator, to be collected from the whole will, connected with the circumstance that the personal estate was small, is clear, that the legacies were to be paid, if necessary, out of the real estate and so were a charge thereon. The words,

" the remainder of my estate if any there be," manifestly import that the residuary devisees were only to take the *residue* of the estate after debts and legacies should be paid.

Let the demurrer be overruled, and a rule to answer be entered.