## Montgomery *against* M'Elroy.

To make a legacy a charge upon land devised, it is necessary that it should be declared to be so by express words, or that it may be inferred from the whole will that such was the intention of the testator. "I give and devise to my daughter S, one-third part of my plantation; but in case she should have no heir of her body at my decease, then her share of my plantation shall go to her sisters, they paying her in lieu thereof the sum of $800, to be paid between them equally." *Held*, that upon the happening of the contingency, the legacy of $800 was not a charge upon the land.

APPEAL from the decree of the Orphans' Court of *Cumberland* county.

This proceeding originated upon the petition of Alexander M'Elroy, assignee of Thomas Cook and Sarah his wife, to the Orphans' Court, to compel the payment of a legacy to the said Sarah, given to her by the will of Alexander Scroggs, deceased, and alleged by the petitioner to be charged upon the lands of James Montgomery and David Brandt, the appellees. That part of the will of Alexander Scroggs, deceased, which is material to the subject, was as follows.

The testator, after devising 50 acres off the south-west end of his farm to his widow, proceeds as follows :—

"The remainder of my plantation I dispose of as follows : I give and devise unto my daughter, Elizabeth Montgomery, one-third part; I give and devise unto my daughter, Rachel Grier, one-third part; I give and devise unto my daughter, Sarah Cook, one-third part; to them, their heirs and assigns, for ever. But in case my daughter, Sarah Cook, should have no heir of her own body at my decease, then I do allow and it is my will, that her share of my plantation shall go to her sisters, Elizabeth Montgomery and Rachel Grier, *them* paying her in lieu thereof the sum of $800, to be paid between them equal—only that I allow Rachel Grier to pay this sum of $800, the amount of a note she held on me, more than her sister Elizabeth Montgomery — the above-mentioned $800 to be paid in four equal payments of $200 each payment; each payment of $200 to be made every eighteen months, and the first payment to be made one year after my decease. It is my will, that if my daughter Sarah Cook shall live longer than her husband Thomas Cook, after she shall have received the amount of the above-mentioned $800, that my daughters, Elizabeth Montgomery and Rachel Grier, shall pay her annually during her life, out of their land, the sum of $30 equally between them, being $15 each—the first payment to commence one year after the decease

[Montgomery v. M'Elroy.]

of her husband Thomas Cook. I will unto my daughter Elizabeth Montgomery, one-half of my kitchen furniture. It is my will that my executors shall sell the remainder of my personal estate that is not willed away; and if any money remains of my personal estate, I allow it to be divided equally between my daughters, Elizabeth Montgomery, Rachel Grier, and Sarah Cook. It is my will that if my daughters, or any of them, or their heirs or assigns, should think proper to raise water-works on their part of the land, I do allow them the privilege of butting a dam against the west bank of the Big Spring, and my wife's part of the land shall be subject to the same. It is my will that my daughters that get my land shall allow my wife Mary a sufficient quantity of wheat, rye and corn, and meat, to do her the first season after my decease."

This being a proceeding under the Act of February 1834, the first question which presented itself was, whether the legacy of $800 to Sarah Cook, she having no heir of her body at the death of the testator, was a charge upon the land devised to her two sisters, or any part of it. The other questions which arose were not decided by this court, because the decision on the first was fatal to the petitioner's recovery. The court below was of opinion that the legacy was a charge upon the land, and decreed its payment.

*Biddle* and *Watts,* for appellants, argued that the land was not charged with the legacy, and cited 8 *Watts* 200; 6 *Watts* 238; and therefore the petitioner had misconceived his remedy.

*Reed, contra,* cited 1 *Atk.* 575; 3 *Penn. Rep.* 533; 1 *Rawle* 386.

The opinion of the Court was delivered by

SERGEANT, J.—The first and most material question in this case, is, whether the legacy claimed by the plaintiff is a charge upon the land devised; for if it be not, then the proceedings in the Orphans' Court, to recover it by a sale of the land, under the Act of February 1834, were irregular; and the proper remedy was by personal actions against the devisees. To make a legacy a charge upon land, it is necessary that it should be declared to be so by express words, or that it may be inferred from the whole will that such was the intention of the testator. This rule applies as well where the legacy is to be paid by the devisees, as in other cases. In *Brandt's Appeal,* (8 *Watts* 198), the land was first given absolutely to sons. In a subsequent clause the testator gave legacies to his widow and daughters, to be paid by his sons after his debts were paid. It was held, that if the sons accepted the lands devised, they became personally liable to pay the legacies, at the times and in the payments directed by the will; but they were not charged on the lands. Indeed, if, as is there stated, such legacies

must necessarily, and in all cases, be a charge, then a testator could not devise his lands to his son, and direct him to pay a sum of money to another, without making this sum a mortgage on the land devised.   See also *Lobach's Case*, (6 *Watts* 167).   As the legacy may be, in some instances, both a charge on the land, and also such as may make the devisees personally liable; so in other cases, it may be one of these and not the other.   It may be merely and simply a charge on the land, which alone is to be looked to, and involving no personal responsibility of the devisees in consequence of taking the land under the devise, or it may be no charge on the land, but a legacy, for which the devisee becomes personally liable by the acceptance of the land devised, and taking possession; without any express promise by the devisee to pay the legacy.

In the present instance, the testator gives one-third of the remainder of his plantation to his daughter, E. Montgomery—one-third to another daughter, Rachel Grier, and one-third to his daughter Sarah Cook.   He then directs that in case his daughter Sarah Cook·should have no heir of her own body, at his decease, her share of his plantation should go to her sisters, E. Montgomery and R. Grier, them paying her, *in lieu thereof*, the sum of $800. By these words the legacy does not seem to us to be charged on the land, either on the one-third that should result by the contingency to the two first-named daughters, or on the whole land they should be entitled to under the will, whichever might be deemed to be charged with it, in case there were any charge at all, and as to which there exists some doubt.   Sarah Cook's one-third *is given* over to her sisters, they paying to her the sum mentioned in lieu of the land.   It is to be a substitute for it — it is to be money instead of land.   I do not see, then, how the land can be considered as bound by it or charged with it.   If it were so, Sarah Cook would still have an interest in the land; whereas she is by the will to have a sum of money in lieu of, and in exclusion of it.

This construction is confirmed when we come to look at other parts of the will; for it is apparent, there, that the testator knew well how to charge a legacy on land, when such was his intention. In the clause succeeding, he makes the annuity to Sarah Cook a charge on these very lands devised to her sisters, by plain and apt expressions.   He declares that they shall pay her annually, during her life, *out of their land*, the sum of $30 equally between them. The inference is, that the testator did not intend the first legacy to be charged on the same lands, or he would so have directed.

Upon the whole, it is our opinion that the legacy to Sarah Cook is not charged on any of the lands devised to her sisters, but is only a personal charge against the devisees, for which actions of *assumpsit* lie against them, respectively, on their implied promise, founded on their accepting the lands under the devise—such an action as was brought in the former case of *M'Elroy* v. *Brandt*,

[Montgomery v. M'Elroy.]

(6 *Watts* 238), except that the devisees should be separately sued, and not jointly, as was held in that case; each being bound to pay to Sarah Cook one-half her legacy, and not both jointly to pay the whole.

That being the case, the Orphans' Court had no jurisdiction in the present instance, and the proceedings were irregular.

Decree reversed.