## Hamilton *versus* Porter and Wife.

1. A devise was "Hamilton is to take the 100 acres of land at my death, and pay $700 to each of my within-named heirs," &c.  *Held*, that the legacies were not charged on the land.·

2. Hamilton having accepted the devise became personally liable for the legacies, and they could be recovered in assumpsit.

3. The case was not within the jurisdiction of the Orphans' Court under the Act of 24th February 1834, sect. 59 (Legacies Charged on Land).

4. Legacies payable by a devisee bear interest from the time of the acceptance of the devise on the terms of the will.

5. From the time of acceptance, when there is no clog or condition imposed on the possession or enjoyment, the devisee's title takes effect.

6. The devisee is entitled to immediate possession unless the land be held under an outstanding lease, and then he is entitled to the rents, &c., as landlord.

7. The rule that legacies are not payable till the end of the year and do not bear interest till then, does not apply to legacies charged on the person of the devisee.

November 16th 1869.  Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Mercer county* : No. 99, to October and November Term 1868.

On the 11th of January 1868, David Porter and Charlotte his wife in her right, brought an action of assumpsit, against Simeon H. Hamilton.  The cause of action arose under a codicil to the will of James Moore, deceased, dated September 7th 1864.  The clause on which the plaintiffs' claim is based is as follows :—

"And further I will that Simeon H. Hamilton.is to take the within-mentioned 100 acres of land, situate in Delaware township, Mercer county, Pa., at my death, and pay $700 to each of my within named heirs, Charlotte, Maria Jane, Nancy, Mereby and Isabella."

Charlotte named in this clause is the plaintiff in the suit.  On the 24th of August 1865 the testator had been declared a lunatic. His committee, on the 24th of January 1866, leased his land to James Buckley on the shares, for one year, commencing April 1st 1866, part of the house being reserved for the testator.  He died on the 31st of March 1866.  Buckley went into possession April 1st 1866, and on 4th or 5th April 1867 the defendant took possession of the land under the Landlord and Tenant Acts, Buckley having held it under instructions given by the heirs, including the plaintiff, as long as he could.  As owner of the land, the defendant demanded the rent from Buckley ; one of the executors received part of the rent; the defendant said it did not make any difference whether he or the executors received the rent.  The executors, under advice of counsel, collected the rent.  The estate of the testator was unsettled ; there was no personal estate of the testator not disposed of, and it would require more than the per-

[Hamilton v. Porter.]

sonal estate to pay the debts. About the 1st of April 1867 the defendant tendered to the plaintiff $700 as the amount of her legacy; she refused to take it. On the trial of the case, January 24th 1868, the defendant paid $700 into court in pursuance of the tender.

The defendant's points were:—

1. Under the provisions of the will of James Moore, and the evidence that the estate of James Moore is unsettled, and that a considerable amount of debts against said estate remain unpaid, for which there are no assets except the farm devised to S. H. Hamilton, the plaintiff cannot recover.

2. If the plaintiff is entitled to recover he is not entitled, under the evidence in this case, to recover interest until after one year from the death of the testator.

3. Under the evidence of the tender in this case, and the payment of the money into court, the plaintiff is not entitled to recover interest and costs in this case.

4. That under all the evidence in the case the plaintiff is not entitled to recover.

The court (Vincent, A. J., of the Sixth District) charged : * * *

"The defendant does not deny that he owes the $700, but claims that he ought not to pay interest until after one year from the testator's death, and that he then made a tender of all that was due the plaintiff, which he now brings into court for her.

"We are of the opinion that the defendant under the devise to him was entitled to the possession of the land at the death of the testator, and that the possession of the tenant was his possession, and he was entitled to the rents and profits, and therefore liable for interest on the legacy to the plaintiff, Mrs. Porter.

"The fact that Mrs. Porter was contesting defendant's right to possession did not prevent him from making a tender, and thus stopping interest, but he made no tender until one year after the death of testator. To make a tender good, the whole amount due must be tendered, and an insufficient tender need not be accepted, and is not good. As we are of the opinion that the plaintiff was entitled to interest on her legacy, it is clear that $700 was not a sufficient tender.

"We are of opinion that the legacy was not a charge on the land, and that this suit is properly brought in this court."

The verdict was for the plaintiff for $793.80.

The defendant took out a writ of error, and assigned as error, that the court erred :—

"1. In charging the jury, that the Court of Common Pleas had jurisdiction of this suit.

"2. In charging the jury that the plaintiffs were entitled to recover interest from the death of James Moore."

[Hamilton *v.* Porter.]

*W. Stewart* (with whom were *S. Griffith* and *H. Robinson*), for plaintiff in error.——Legacies do not bear interest until one year from testatrix's death: Hilyard's Est., 5 W. & S. 31; Bitzer *v.* Hahn, 14 S. & R. 232; Eyre *v.* Golding, 5 Binn. 475. The legacies were a charge on the lands: Holliday *v.* Summervill, 3 Penna. R. 533. The jurisdiction for the collection of the legacy is exclusively in the Orphans' Court: Act of February 24th 1834, § 59, Pamph. L. 84 Purd. 304 pl. 192. Even before the Act of 1834, the executor should be joined with the devisee: Brown *v.* Furer, 4 S. & R. 217; Gause *v.* Wiley, Id. 509; Montgomery *v.* Cooke, 6 Watts 238; Montgomery *v.* McElroy, 3 W. & S. 372.

*J. Pearson,* for defendants in error.——The Act of February 1834, § 59, relates only to legacies charged on land: Downer *v.* Downer, 9 Watts 60; s. c., 9 Barr 302. This legacy is not charged on the land: Brandt's Appeal, 8 Watts 198; Miltenberger *v.* Schlegel, 7 Barr 241; Montgomery *v.* Cook, 6 Watts 238; Same *v.* McElroy, 3 W. & S. 370; Dewitt *v.* Eldred, 4 Id. 423; Hackadorn's Appeal, 1 Jones 86. The non-joinder of the executor not having been raised below nor assigned for error, cannot now be considered: Gregg Township *v.* Jamison, 5 P. F. Smith 468.

The opinion of the court was delivered, January 3d 1870, by

AGNEW, J.——It is clear this legacy is not à charge on the real estate devised by the testator to Simeon H. Hamilton; no such intention is discoverable in the will of James Moore: Brandt's Appeal, 8 Watts 198; Miltenberger *v.* Schlegel, 7 Barr 241; Montgomery *v.* McElroy, 3 W. & S. 370; Dewitt *v.* Eldred, 4 Id. 414. The case, therefore, did not fall within the jurisdiction of the Orphans' Court under the 59th section of the Act of 24th of February 1834. It is equally clear that, by the acceptance of the devise, Hamilton became personally liable for the legacies, and that their payment could be enforced by an action of assumpsit in the Court of Common Pleas: Lobach's Case, 6 Watts 167; Montgomery *v.* McElroy, 3 W. & S. 372; Hoover *v.* Hoover, 5 Barr 351; Mohler's Appeal, 8 Barr 26; Hackadorn's Appeal, 1 Jones 86.

The legacies bear interest also from the time of the acceptance of the devise upon the terms of the will. This grows out of the nature of the liability assumed by the acceptance of the devise. From the time of acceptance in such a case as this, where no clog or condition is imposed upon the possession or enjoyment of the land devised, the devisee's title takes effect. He is entitled to the immediate possession, unless it is held under an outstanding lease, and then he is entitled to the rents and issues of the land, as landlord, by the operation of the will. Such sums charged by a testator on the person of his devisee are not pure legacies as those

[Hamilton v. Porter.]

are which the executor must pay, and, therefore, are not within the general rule that legacies are not payable until the end of the year and do not bear interest until then.   There is no estate to be settled by the devisee and no reason for delay.   As soon as he accepts the devise he assumes the burthen, and is also entitled to the profits of the estate he accepts, when not encumbered by the testator by other provisions.   Hamilton claimed the possession of the land soon after the testator's death, and claimed the rent of Buckley, the tenant.   There was no doubt of his acceptance of the devise immediately after Moore's death.   The fact that the heirs of Moore resisted Hamilton's right to possession does not alter the case, unless it had been done by the plaintiffs to his detriment.   Of this there appears to be no evidence.

The judgment is therefore affirmed.