# Penny's Appeal.

A testator in an inartificially drawn will devised and bequeathed, (1) all his property real and personal to his wife for life; (2) after her death to his daughter A., "all his property real and personal that shall be left at the decease of his wife"; (3) pecuniary legacies to his son and daugh-

ter B. (4) *the residue of his estate to his said daughter A. The personal estate, after the death of the widow, being insufficient for the payment of the legacies, one of the legatees sought to compel payment of his legacy out of the real estate.*

*Held,* that there was nothing in the will to create by implication a charge of the legacy on the real estate.

March 18th, 1885. Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT and CLARK, JJ. PAXSON and GREEN JJ., absent.

APPEAL from the Orphans' Court of *Wyoming county:* Of January Term 1885, No. 397.

Appeal of Merritt C. Penny from the decree of the said court, confirming the report of the Auditor, in the matter of a petition filed by said Merritt C. Penny.

The petition set forth that the petitioner was a legatee under the will of Joseph Penny, deceased; that the personalty was insufficient to pay his legacy, and prayed the court " to make such order and decree touching the payment of the aforesaid legacy of said Merritt C. Penny out of the said real estate that decedent died possessed of· as may seem requisite and just."

The will of Joseph Penny was as follows:—

" I, Joseph Penny, of Northmoreland township, Wyoming county, Penn'a, being of sound and disposing mind and memory and desirous of disposing of my worldly estate which God has blessed me do make and publish this my last will and testament in manner and form following (that is to say) first I give and bequeath unto my beloved wife Mary Penny all my property real and personal which shall be left at my decease, after first paying out of the same all my just debts and funeral expenses. She to have and to hold the same during her natural life for her own use and comfort.

After the decease of my said wife I give and bequeath unto my daughter Sophia Kemry and her heirs all my property real and personal that shall be left at the decease of my said wife.

I give and bequeath unto my son Merritt C. Penny the sum of fifteen hundred dollars, to be paid as follows: Two hundred dollars in one year from the decease of my said wife and two hundred dollars in each and every year thereafter until the said sum of fifteen hundred dollars shall be fully paid.

I give and bequeath unto my daughter Sarah Ann Brunges the sum of seven hundred dollars, to be paid as follows: One hundred dollars in one year from the decease of my said wife and one hundred dollars in each and every year thereafter until the said sum of seven hundred dollars shall be fully paid.

The above mentioned legacies to be without interest up to the day of payment.

And lastly, as to all the rest, residue and remainder of my personal estate, goods and chattels, of what kind soever, I give and bequeath the same to my said daughter Sophia Kemry and I hereby appoint Simon Kemry my executor to this my last will and testament, hereby revoking all former wills by me made.

In witness whereof I have hereunto set my hand and seal the thirteenth day of August, in the year of our Lord one thousand eight hundred and seventy-four.

Witnessed by               JOSEPH PENNY, [L. S.]"
   JOSEPH DAILEY,
   A. O. LUTES.

Testator's widow survived him and afterwards died. Testator's executor then filed his account, which showed a deficiency of personal estate to pay legacies.

Answers were filed, and the matter was referred to an Auditor, B. W. Lewis, Esq., before whom the petitioner claimed that by the blending of the real and personal estate in the general devise to Sophia Kemby, the testator had by implication charged the legacies on the real estate.

The Auditor refuted that the legacy was not a charge upon the land, and the court dismisses the petitioner's exceptions to the report, and confirmed the same, from which decree the petitioner took this appeal.

*E. L. Blakeslee* and *Terry*, (*Davies* and *Streeter* with them), for the appellant.

*W. E. & C. A. Little* and *Wm. M. Piatt & Sons*, for the appellees.

Chief Justice MERCUR delivered the opinion of the court, March 30th, 1885.

A testator may make a legacy a charge upon lands which he devises, by express direction or by clear implication. When he blends his real and personal estate together in a general devise, it is a circumstance to be considered in determining whether the legacies are chargeable on the realty. An obligation may be imposed on a devisee by his acceptance of the estate, to pay a legacy, without its being charged on the land devised. Thus a devise of land on a contingency, to several, they paying another named, "in lieu thereof" the sum of $800, was held not to constitute a charge on the land upon the happening of the contingency: Montgomery *v.* McElroy, 3 Watts & S., 370. So a devise to testator's son Thomas of

land. If he chose to accept it, he was to pay $1700—to different persons. He did accept the devise, yet it was held the legacies were not a charge on the land: Wright's Appeal, 2 Jones, 256. A devise that H. "is to take the 100 acres of land at my death and pay $700 to each of my within named heirs," and H. accepted the devise, held that he became personally liable for the legacies, and that they could be collected of him in assumpsit; but that they were not charged on the land: Hamilton *v.* Porter, 13 P. F. S., 332. A mere direction by a testator that a devisee shall pay a legacy does not thereby create a charge on the land. Thus a testator gave to his two sons all his farm, and directed that they should pay his daughter a certain sum in two years after his death. It was held not to imply that the legacy should be a charge on the land: Cable's Appeal, 10 Norris, 327.

Referring to the will now before us we find the testator gave to his wife all his real and personal estate during her life, after paying out of the same all his debts and funeral expenses. After her death he gave to the appellee and her heirs all his real and personal estate that should be left at her decease. It was an absolute devise without any reference to the payment of legacies, or an intimation that any would be given by the will of the testator. The legacy in question was given to the appellant in a subsequent part of the will. It is true the appellee was thereafter made the residuary legatee of all the personal estate of the testator. This however creates no implication that any specific legacy was thereby chargeable on the real estate previously devised to the appellee.

> Decree affirmed and appeal dismissed at the costs of the appellant.