## Gingrich's Estate.

*Will—Devise—Charge on land—Supply of hay to widow to feed cattle.*
Where a testator charges land with an annuity in favor of his widow for life, and further directs that the owners of the land "are yearly to put in the stable on the premises occupied by my wife, so long as she remains my widow, as much hay as she may need to feed one horse and two cows without charge," the owners of the land are not obliged to supply the widow with hay during a period when she does not reside on the land nor own or possess any of the animals named in the will.

Argued March 11, 1908. Appeal, No. 16, March T., 1908, by M. S. Hershey, from decree of O. C. Dauphin Co., dismissing petition to enforce charge on land in estate of Cyrus Gingrich, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Petition to enforce a charge on land. Before KUNKEL, P. J. The facts are stated in the opinion of the Superior Court.

KUNKEL, J., concluded his opinion as follows:
The evidence shows that Hershey became the owner of the farm on April 1, 1905, and has not complied with the direction in the will as to the delivery of the hay. It also shows that the value of hay during the period from April 1, 1905, to the time of filing this petition, May, 1906, was $14.00 per ton, and that the quantity necessary to feed one horse and two cows for a year is eight tons. The petitioner, therefore, would be entitled to receive the value of the hay during the time it was not delivered, which would be $129.88. The respondent's farm is chargeable with one-half of that sum, and he is liable for the same to the petitioner. It is, therefore, ordered and decreed that he pay to the petitioner the sum of $64.94, and the costs of this proceeding.

*Error assigned* was the decree of the court.

*John E. Snyder* and *E. M. Hershey*, for appellant.—In order to charge lands devised with the payment of a legacy, it must

appear by direct expression, or plain implication, that such was the intention of the testator; otherwise the claim of the legatee will not follow the lands into the hands of a purchaser from the devisee: Brandt's Appeal, 8 Watts, 198; Dewitt v. Eldred, 4 W. & S. 414; Brookhart v. Small, 7 W. & S. 229; Hackadorn's Appeal, 11 Pa. 86; Wright's Appeal, 12 Pa. 256; Hepburn v. Snyder, 3 Pa. 72; Cable's App., 91 Pa. 327; Walter's App., 95 Pa. 305; Van Vliet's App., 102 Pa. 574; Haworth's App., 105 Pa. 362; South Mahoning Twp. v. Marshall, 138 Pa. 570; Pringle v. Marshall, 152 Pa. 603; Duvall's Est., 146 Pa. 176; Stark v. Byers, 213 Pa. 101; Wise's Est., 188 Pa. 258; Mellon's Appeal, 46 Pa. 165; Hamilton v. Porter, 63 Pa. 332; Buchanan's Appeal, 72 Pa. 448; Montgomery v. M'Elroy, 3 W. & S. 370; Dewitt v. Eldred, 4 W. & S. 414; Kauffman v. Sailor, 7 Watts, 135; Cable's App., 91 Pa. 327.

If the furnishing of hay is not a charge on the land, then the petitioner has mistaken her remedy and the orphans' court is without jurisdiction: Montgomery v. McElroy, 3 W. & S. 370; Hamilton v. Porter, 63 Pa. 332; Walter's Appeal, 95 Pa. 305; Springer's Appeal, 111 Pa. 274; Schmehl v. Bickel, 5 Sadler, 486; Act of February 24, 1834, P. L. 70, sec. 59, P. & L. Dig. 1514.

The premises mentioned in the will are the house, garden and outbuildings, the use and occupation of which are bequeathed to her by the second item of the will. The place is in the stable on the premises occupied by my wife.

*John C. Nissley,* with him *I. B. Swartz,* for appellee.—The hay was a charge on the land: Dickerman v. Eddinger, 168 Pa. 240; Ripple v. Ripple, 1 Rawle, 386; Steele's App., 47 Pa. 437; Wusthoff v. Dracourt, 3 Watts, 240; Craven v. Bleakney, 9 Watts, 19; Brotzman v. Riehl, 119 Pa. 645; Wingett v. Bell, 14 Pa. Superior Ct. 558.

The appellee contends that she need not reside upon the land or in the house in order to demand performance on the part of the owner of the farm, and that the words "as much hay as she may need to feed one horse and two cows without charge" are used to define the quantity to be furnished, and

are not a limitation upon her rights: McCalla's Est., 16 Pa. Superior Ct. 202; Chew's App., 45 Pa. 228.

OPINION BY MORRISON, J., May 14, 1908:

One of the questions raised in this appeal is whether the hay mentioned in the second paragraph of item 8 of the last will and testament of Cyrus Gingrich was made a charge upon the land devised by the testator as tract No. 1 to his son Christian, and as tract No. 2 to his son Edwin.

The learned court below held that the hay was a charge upon the land. Item 8 of the will reads: "I expressly order and direct that Five Thousand dollars ($5,000) of the purchase money of my farm herein designated as Tract No. One, whether taken by my son Christian at the price I have placed on it, or sold by my executors, and five thousand dollars ($5,000) of the purchase money of my farm herein designated as tract No. Two, whether taken by my son Edwin at the price I have placed upon it, or sold by my executors, shall respectively be and remain as liens and charges on my said two farms, respectively (The Sum of Five thousand dollars being thus charged on each farm), for and during the natural lifetime of my beloved wife, Malinda, the interest thereof respectively, at five per cent per annum to be annually and regularly paid to her by the respective owners of said farms on the first day of April in each and every year for and during the period aforesaid and the principal sums at and immediately after her death to be paid by the respective owners of said farms in six equal shares, as follows: One full equal share unto each of my five children, Christian B. Gingrich, Edwin G. Gingrich, Jeremiah H. Gingrich, Ammon B. Gingrich and Sara A. Gingrich, their heirs or assigns, and the remaining one full equal share unto my executors hereinafter named in trust for the uses and purposes hereinafter designated.

"The owners of the farms herein designated as Nos. one and two are yearly to put in the stable on the premises occupied by my wife, so long as she remains my widow, as much hay as she may need to feed one horse and two cows, without charge. And my said wife, during said period, shall have the

right to take from the orchards on said farms as many apples as she may desire for her use, without charge."

The learned court below held that the orphans' court was without jurisdiction as to anything raised in the petition except the hay. The court said: "The second part of the claim, however, may be enforced in this proceeding. We think it is a charge upon the land of the respondent, and is due to the petitioner, notwithstanding she does not reside on the premises devised."

Whether or not the hay is made a charge upon the land is a question on which the members of this court do not agree, but the majority do agree upon a decision of the case on another ground, to wit: The widow, the petitioner, during the period of time embraced in her petition did not reside on the farm nor did she own or possess any of the animals named in the will, kept on said farm or elsewhere, to be fed on the hay mentioned.

The question then arises, could she remove from the farm and keep neither horse nor cow and still require the owners of the farms "Nos. One and Two, yearly, to put in the stable on the premises occupied by my wife, so long as she remains my widow, as much hay as she may need to feed one horse and two cows, without charge"?

We feel constrained to answer this question in the negative. The will means that if the petitioner should occupy the premises, and keep thereon one horse and two cows, the owners of the farms must yearly put in the stable on the premises, as much hay as would be needed to feed the animals named. If she did not keep any of the said animals then she did not need the hay and, under the terms of the will, she was not entitled to have the hay put into the stable mentioned. This being so she was not, under the conceded facts, entitled to recover in the present case, the value of the hay.

There is no evidence that the widow owned a horse or cow or kept one of said animals at any place and, therefore, she could not recover the value of the hay because the owners of the farms did not annually put it in the stable mentioned while she kept no animals to eat it. The question whether if

she kept the animals named or some of them, away from the farm she could call on the respondent to furnish the hay, needed to feed them, is not raised and it is not decided.

The writer is of the opinion that the will does not make the hay a charge upon the land. It will be observed that in the first paragraph of item 8, the testator in apt and concise language, charged the sum of $5,000 upon each of the farms for and during the natural lifetime of his wife and provided that the interest thereof respectively, at five per cent per annum, be annually and regularly paid to her by the respective owners of said farms on April 1 in each and every year for and during the period aforesaid, etc. This will, then, does not present a case where the testator did not seem to know how to make charges upon land. Now, looking at paragraph 2 of this item, the writer fails to see any indication, either in direct language, or by clear implication, that the hay therein mentioned was charged upon the land. The language is: "The owners of the farms herein designated as Nos. One and Two are yearly to put in the stable on the premises occupied by my wife, so long as she remains my widow, as much hay as she may need to feed one horse and two cows, without charge. And my said wife, during said period, shall have the right to take from the orchards on said farm as many apples as she may desire for her use, without charge." If it be conceded that the apples are a charge on the land that fact, in the opinion of the writer, does not control as to the hay. An examination of the following authorities convinces me that the hay was not made a charge on the land and, therefore, the orphans' court was without jurisdiction and the petition ought to have been dismissed: Gibson's Appeal, 25 Pa. 191; Walter's Estate, 197 Pa. 555; Holliday v. Sumerville, 3 P. & W. 533; Craven v. Bleakney, 9 Watts, 19; Ringrose v. Ringrose, 170 Pa. 593; Brandt's Appeal, 8 Watts, 198; Dewitt v. Eldred, 4 W. & S. 414; Brookhart v. Small, 7 W. & S. 229; Hackadorn's Appeal, 11 Pa. 86; Wright's Appeal, 12 Pa. 256; Hepburn v. Snyder et al., 3 Pa. 72; Mellon's Appeal, 46 Pa. 165; Buchanan's Appeal, 72 Pa. 448; Bruckman's Estate, 195 Pa. 363; Reilly's Estate, 200 Pa. 288.

But a majority of my brothers do not agree with me that the hay is not a charge on the land and, therefore, the case is not decided upon that ground. But a majority of the court does agree that under the conceded facts the widow was not entitled to the hay nor to its value for the period of time covered by her petition.

The decree is reversed and the petition dismissed at the costs of petitioner.

Rice, P. J., and Porter, J., dissent.