MARJORIE WALTERS, formerly Marjorie Harper,

*vs.*

CLARENCE B. YOUNG, BLANCHE C. YOUNG and WILLIAM H. COOPER, JR., Executors of the Last Will and Testament of Alfred L. Ainscow, deceased, MARY PRICE, CADMUS PRICE, CLARENCE B. YOUNG, BLANCHE C. YOUNG and CLARENCE B. YOUNG, Guardian of Alfred L. A. Young.

### New Castle, Apr. 27, 1921.

Where legacies are given generally followed by a gift of the residue of the estate, real, personal, and mixed, the legacies are charged upon the residuary real estate as well as the personal estate, where the latter at the date of the will is insufficient to pay the debts and legacies of the testator, and in such cases the real estate may be reached to pay the legacies, or so much thereof as the personal estate is insufficient to pay.

In order to charge legacies upon residuary real estate, it was not necessary to show that at the date of the will the personal property of the testator was insufficient to pay his debts and legacies if such deficiency existed at the testator's death; for a general gift of the residue of the testator's estate imports a gift of what remains of his real and personal estate after debts and legacies are paid.

*Reuben Satterthwaite, Jr.,* for complainant.

*Walter J. Willis,* for legatees Mary and Cadmus Price.

*William H. Cooper, Jr.,* for executors, another legatee, and residuary legatees.

THE CHANCELLOR. A legatee to whom a legacy of one thousand dollars was given by the will of Alfred L. Ainscow filed a bill to make payment of it a charge upon the real estate of the deceased. By the will made November 17, 1913, the testator directed the payment of his debts, gave several pecuniary legacies aggregating thirty-two thousand dollars, followed by a gift of the residue to the testator's daughter for life with a gift in remainder upon her death. There were no words in the will of special significance to show testamentary intention to charge on the land payment of the legacies. At the testator's death his personal estate was insufficient for the payment of his debts, and part of his real estate was sold to pay his debts by order of the Orphans'

Court. From the moneys which came into the hands of the executors from the sale of personal and real property, the debts of the decedent have been paid, and there is a balance in the hands of the executors, the amount thereof, as shown by the accounts of the executors, being $8,278.19. It was shown by evidence that at the date of the will the personal property then possessed by the testator was not sufficient to pay his debts and the legacies given by his will.

Legacies having been given generally followed by a gift of the residue of the estate, real, personal and mixed, the legacies are charged upon the residuary real estate as well as the personal estate, where the latter at the date of the will is insufficient to pay the debts and legacies of the testator; and in such cases at least his real estate may be reached to pay the legacies, or so much thereof as the personal estate is insufficient to pay. *Hawkins on Wills*, (2d Ed.) *p.* 293; *Hilford v. Way*, 1 *Del. Ch.* 342; *Rambo v. Rumer*, 4 *Del. Ch.* 9; *Getchell v. Rust*, 8 *Del. Ch.* 291, 68 *Atl.* 404; *Ferris v. Ferris*, 11 *Del. Ch.* 171, 98 *Atl.* 215.

Here in addition to the general residuary gift there is evidence of a deficiency of the personal estate at the date of the will to pay the debts and legacies, so that all of the unpaid legacies are charged upon the real estate of the testator. It is not to be assumed, however, that it was necessary to show in this case that at the date of the will the personal property of the testator was insufficient to pay his debts and legacies, if such deficiency existed at the testator's death, for in the first two cases above cited a general gift of the residue of the testator's estate was said to import a gift of what remains of his real and personal estate after debts and legacies are paid, the personal property being first applied to debts and legacies.

Shall the right of the complainant, who is only one of the several legatees, be enforced for her benefit only, or for the benefit of all of the legatees; and in what manner shall relief be given, i. e., shall an order be made for the sale of land of the testator by the executors, or by the sheriff to pay the legacy of the complainant, or all of the legacies?

In *Hilford v. Way*, *supra*, the bill, as here, was by a legatee, but the method of enforcing payment of the legacy does not appear

in the report of the case. In the other cases in Delaware the adjudications as to the rights of the legatees to charge land were made where bills were filed by executors for instructions and for powers, and in these latter cases the executors were ordered to sell land to pay all the legacies. In the present case all of the parties concerned, viz. the executors, the legatees of pecuniary legacies and those entitled to the residue of the estate, real and personal, including both the tenant for life of the residue and the remainderman after her death, are parties to the cause. In this case it may not be necessary to decide how the charge of the legacies on the real estate should be enforced, if the sum in the hands of the executors is available for the payment of the legacy of the complainant.

It may be, however, that the complainant is not entitled to have her legacy paid out of the moneys in the hands of the executors, and it may be the duty of the court to protect the other legatees as to that fund, the value of the unsold real estate of the testator not having been shown. But as nothing has been urged against a prayer in the bill for the payment of the legacy of the complainant from that balance in the hands of the executors, a decree to that effect will be made in the absence of some further showing to the Court.