JONATHAN E. GEORGE AND SARAH GEORGE HIS WIFE,

*vs.*

HENRY H. MCMULLIN.

*New Castle, February T.* 1869.

Two classes of legacies were charged upon real estate, first, legacies to three daughters and a son of the testatrix, to each, $300, "to be paid with interest, "the first of the said legacies at the end of two years after my death, and "the others respectively in three, four and five years thereafter, as they are "herein enumerated." The second class embraced legacies to the daughters and three sons, to each, $275, "to be paid in the order named, with interest, "annually after the payment of the several legacies mentioned in the last "item." *Held,* that the second class, as well as the first, bore interest from the death of the testatrix.

If upon a legacy payable in future and charged upon land, interest be given, but no time named, either expressly or by necessary implication, from which it shall be calculated, it bears interest from the testator's death.

A decree for the payment of a legacy charged upon land, may, at the same time, provide, in default of payment at the time specified, that an order shall issue under the seal of the Court, directing the sale of the land by . the Sheriff, returnable to the next term.

BILL IN EQUITY TO RECOVER A LEGACY CHARGED UPON REAL ESTATE.—Mary McMullen, by her will, dated December 1st, 1860, devised her real estate, in parts, to · her sons, Henry and John, charging it with all her debts, and with sundry legacies bequeathed by the will, the debts and legacies to be paid by Henry and John, in shares proportionate to the value of the real estate devised to them, respectively. The value of the real estate is fixed by the will, *i. e.,* Henry's at $10,000, and John's at $6,000.

The legacies charged upon the real estate, were bequeathed in two classes. First, legacies to three daughters and a son of the testatrix, to each, $300, " to be paid with "interest, the first of the said legacies at the end of two

" years after my death, and the others, respectively,in three, "four, and five years thereafter, as they are herein enum- "erated." The second class embraces legacies to two daughters and three sons, to each, $275, *to be paid in the* "*order named, with interest; annually after the payment* "*of the several legacies mentioned in the last Item,*" *i. e.,* annually, after the payment of the first class legacies of $300 each.

The testatrix died, December 1st, 1860. The period limited for the paying the first class of legacies has elapsed ; Sarah E. George, one of the complainants, is one of the legatees of the second class, being the second named among them, and her legacy being now due, this bill is filed to recover from Henry H. McMullen the proportionate share of this legacy charged upon his real estate.

The only point in controversy is, from what time this second class of legacies bear interest, whether as the complainant claims, from the death of the testatrix, or whether, as the defendant insists, from the date at which the last one of the first class of legacies became payable.

The case was submitted upon bill and answer.

*Lore,* for complainant.

*G. B. Rodney,* for defendant.

THE CHANCELLOR: —

It is the general rule that a legacy payable *in futuro* does not carry interest. If interest be given, but no time named from which it shall be calculated, then the legacy, if payable out of the personal estate, bears interest from the expiration of one year from the testator's death ; if charged upon land it bears interest from the death of the testator. 2 *Williams on Ex'rs.* (1221) *note s* ; Lord Mac- clesfield, in *Maxwell vs. Wettenhall,* 2 *P. Wms.* 26, first

declared this rule, as to legacies charged upon land, assigning as the reason of it that the land yields a profit from the death of the testator. His authority has been followed in *Stonehouse vs. Evelyn*, 3 *P. Wms.* 253 ; *Spurway vs. Glynn*, 9 *Ves. Jr.* 483 ; *Shirt vs. Westly*, 16 *Ves. Jr.* 393. A better ground for the rule, however, is given by Lord Redesdale in 1 *S. & L.* 11, viz : that the necessity of a reasonable time, such as a year, for the executor to get in his personal estate to enable him to pay an ordinary legacy, does not apply to a legacy charged on land, which, therefore, is payable immediately, and being thus payable at testator's death, bears interest. The legacy to Sarah E. George is given, expressly, with interest, and being charged on land must, under the rule, be held to bear interest from the death of the testatrix, unless a contrary intent appear. The defendant insists that a contrary intent does appear. That the second class of legacies, among which is Sarah E. George's, were, under the terms of the bequests, to bear interest only *after the expiration of the time fixed for the payment of all the legacies* of the first class ;—and this is the precise question. The terms of the bequest are, that these legacies "be paid in the order "named, with interest, annually, after the payment of the "several legacies" mentioned in the former item. I take the words "with interest" here to be used with the same meaning which they bear as used in connection with the legacies of the first class. There the bequest was of $300, to each legatee, "to be paid with interest, the first "of the said legacies at the end of two years after my "death, and the others, respectively, in three, four and five "years, &c." In both cases interest is given as an incident to the legacy. The time for which the interest is to run is not specified, and doubtless it was not in the mind of the testatrix. The entire provision following the gift of the legacy " with interest," has respect solely to the time for payment of the legacy with the interest, and not at all to the time from which the interest is to commence.

In the first class this sentence is relieved of any possible ambiguity, by the testatrix specifying separately the time for paying each legacy; thus, "the first of said legacies, at the end of two years after my death, and the others," &c. In the second class there is an attempt, by more general terms, to effect the same thing. These legacies, with interest, are directed to be paid, "annually, after the payment of the several legacies mentioned in the last item." The intention was simply to continue, as to this second class, the same annual succession of payments following directly after the legacies of the first class. The two provisions taken together form one arrangement, the sole object of which was, that the devisees of the land should be held to pay only one legacy per annum until all were paid. There is no purpose indicated to exempt the devisees from paying interest on the legacies from the death of the testatrix. As the devisees took the whole estate of the testatrix from her death it must have been felt, by her, to be but a fair equivalent to the legatees that their legacies should bear interest for the like period ; and hence the gift of the legacies "with interest." As to the first class, it is admitted that the interest runs from the testatrix' death, there being nothing to fix a later date. Then it is presumable that she did not mean to discriminate between the two classes of legatees (all being her own children) by giving interest to some from her death, and to others only after five years later. Unquestionably she might do this, but her intent to do so should be either expressed or necessarily implied. I do not so find it. An intention to postpone interest on the second class does not arise from the terms of the bequest ; for, as we have seen, these refer only to the time for payment of the legacies, and not to the time from which interest shall commence. Nor can it be implied from the division of the legacies into two classes, as was argued, for that division clearly arises from the difference in the amount of the two classes of legacies, the first being for $300, the second for $275.

Nor, again, can such an intent be inferred, as was further argued, from the consideration that to allow the interest on the second class of legacies from the death of the testatrix, will increase the amount charged upon the lands beyond what the testatrix intended; *i. e.*, the principal sum bequeathed, or $2,575, for this begs the question by assuming the very point in controversy, viz: that the testatrix meant to charge only the principal of these legacies, without interest, or without interest until after five years. This is assumed, too, in face of the admission necessarily made, that the first class of legacies were intended to bear interest from her death.

I am of opinion that, upon the true construction of the will, all the legacies carry interest from the death of the testatrix, and the decree will be accordingly.

The decree entered required the payment by the defendant of the amount of so much of the legacy as was charged on his land; principal and interest with the cost, within sixty days, next ensuing, or, otherwise, that an order should issue under the seal of the Court, directing the Sheriff to sell the land upon notice as stated in the decree, and, in the event of such sale, to make return of his proceedings, under such order, to the Chancellor at the next term of the Court.