# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

THIRD DISTRICT—NOVEMBER TERM, 1897.

## Mary E. Barber v. Frances E. Davidson.

1. LEGACIES—*When Specific.*—A gift to a person by will of whatever sum the testator may have on deposit in a bank at the time of his death, is a specific and not a general legacy.

2. SAME—*Burden of Proof as to Identity, Etc.*—When a person claims the benefit of a specific legacy, it devolves upon such person to establish by competent evidence the existence and identity of the legacy as stated in the will.

3. SAME—*Identification of Specific Legacies.*—A testatrix bequeathed to her daughter all of the money which, at the time of her death, she might have on deposit in a certain bank. *Held*, in a suit against the executrix for an accounting as to such money, the burden was upon the legatee to show that at the time of her death the testatrix had the money on deposit as stated in the will.

**In Equity,** bill for an accounting. Error to the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the November term, 1897. Affirmed. Opinion filed February 9, 1898.

WINSLOW EVANS, attorney for plaintiff in error.

A specific legacy is one which separates and distinguishes the property bequeathed from the other property of the testator so that it can be identified. It can only be satisfied by the thing bequeathed. If that has no existence, when the bequest would otherwise

(441)

become operative the legacy has no effect. If the testator subsequently parts with the property, even if he exchanges it for other property, or purchases other property with the proceeds, the legatee has no claim on the estate for the value of his legacy. The legacy is adeemed by the act of the testator. Tomlinson et al. v. Bury, 145 Mass. 346, 347; Hood v. Haden, 82 Va. 588-598; Smith v. McKitterick, 51 Iowa, 548; Beck v. McGillis, 9 Barb. 35-59; Walton v. Walton, 7 Johns. Ch. 264.

Where a gift is of the fund itself, in whole or in part, or so charged upon the object made subject to it as to show an intent to burden that object alone with the payment, it is esteemed specific, and consequently liable to be adeemed by the alienation or destruction of the object. 2 Woerner on Administrators, 966.

G. EDMUNDS, attorney for defendant in error.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

Defendant in error filed in the Circuit Court of Fulton County her bill of complaint in chancery, against plaintiff in error, in which she avers that she was formerly Frances E. Stillman, and a granddaughter and heir at law of one Hannah Stillman, who died January 4, 1883, testate; her will having been probated by the County Court of said Fulton County, on the fifth day of February, 1883, and letters were then issued thereon by said County Court, to plaintiff in error, who immediately took upon herself the administration of her estate, and has continued to act as executrix of the said will up to the time of filing the bill.

She further avers that said Hannah Stillman, by said will, bequeathed to plaintiff in error $2,000, which, by the terms of will, was constituted a trust

Barber v. Davidson.

fund, and plaintiff in error was, by the terms of said will, made the trustee thereof, to be held, managed, controlled, and used, as she, plaintiff in error, should deem right, proper and best, until the first day of July, 1895, when said trustee was, by the terms of said will, to pay the same, with the accumulated and increased valuation thereof, to defendant in error, as will more fully appear by the said will, ready to be produced, and by a copy of the same, attached to said bill, marked "Exhibit A," and made a part of the bill.

She further averred in her bill that the estate of said Hannah Stillman, deceased, amounted to more than $10,000, including said trust fund, and that plaintiff in error, as such executrix and trustee, took possession of same immediately after the death of said Hannah Stillman, and has used and controlled the same up to the present time.

She further averred that plaintiff in error has paid her $2,000, but failed and refused to pay her the accumulated increase or interest, or any part thereof, on said trust fund, although requested so to do.

And she makes plaintiff in error defendant to said bill, and prays that she be required to answer same, but not under oath, the answer under oath being waived; that an account be taken in this behalf by the court; and that plaintiff in error may be decreed to pay her whatever sum shall appear to be due her upon the taking of such account, for legal interest on said trust fund, for the time plaintiff in error has used and controlled the same, or such interest thereon, for said time, as plaintiff in error might have received, but for her willful default or neglect to loan same.

Attached to the bill and marked "Exhibit A" was the last will and testament of Hannah Stillman, deceased, which is as follows:

"Know all men by these presents, that I, Hannah Stillman, of the town of Elmwood, in the county of Peoria, and State of Illinois, being of sound and disposing mind and memory, do make, publish and declare this my last will and testament, in manner following, that is to say:

"First. My will is that all my just debts and funeral expenses shall be fully paid.

"Second. I give, devise and bequeath to my daughter, Mrs. Mary E. Barber, all of the real estate of which I may die seized, and which is situated in the counties of Fulton and Peoria in the State of Illinois. And all my personal property, including money on hand, notes, accounts, securities and other evidences of indebtedness owing me, which are not otherwise disposed of, to have and to hold all of the foregoing real estate and personal property, to her, the said Mary E. Barber, and to her heirs and assigns forever.

"Third. I give and bequeath to Mrs. Hattie Beggs, formerly Hattie Stillman, the sum of ten dollars ($10) to be paid to her by my executrix, hereinafter appointed, out of the funds belonging and arising out of my estate.

"Fourth. I give and bequeath to my said daughter, Mary E. Barber, all of the money which at the time of my death I may have on deposit in Heald's National Bank, in the city of Canton, county of Fulton, in the State of Illinois, in trust, nevertheless, for the following uses and purposes, viz.: In trust to be held and controlled and used as she, Mary E. Barber, shall deem right, proper and best, until the first day of July, A. D. 1895, and then to be paid with the accumulated and increased valuation thereof (if any there shall be), to Frances E. Stillman, daughter of Ellen Miner, more recently calling herself Ellen Stillman, and now a resident of the city of Lewistown, Fulton County, Illinois;

and provided further, that in no case shall the money so set apart as a trust fund at the time of my death, be more than the sum of two thousand dollars ($2,000).

"And provided, further, that in case the said Frances E. Stillman shall die on or prior to the specified date of the payment to her of said legacy, that then the entire amount of said trust fund and legacy shall become the property of the said Mary E. Barber, to the sole and separate use of herself and her heirs forever.

"Lastly. I hereby constitute and appoint my said daughter, Mary E. Barber, sole executrix of this my last will and testament, and I hereby expressly provide that she shall execute the same and the trust herein specified and hereby created and provided for, according to her own best judgment and discretion, and without giving bond or security for her action in the premises, as is otherwise provided and required by the statute in such cases, hereby revoking all other and former wills by me made.

"In witness thereof, I have hereunto set my hand and seal at Elmwood, Illinois, this twenty-ninth day of September, A. D. 1881.

"HANNAH STILLMAN.    (SEAL)."

To this bill plaintiff filed her answer, in which she reserved all right of exception to said bill, same as if she had demurred thereto; by which answer she admitted the death intestacy, the making of the will of Hannah Stillman, its terms and probation, as set forth in the bill, and that she was appointed, qualified, and acted under said will, as executrix thereof, but she denies all the other allegations thereof; and expressly sets out in her answer that Hannah Stillman, at the time of her death, did not have any money in Heald's National Bank, in the city of Canton, Fulton County, in the State of Illinois, nor any other bank in the city of Canton. She

also in her answer avers that while it is true that she paid the complainant in the bill $2,000, it was as a gratuity, and out of her own means and not from any trust funds received from the estate of Hannah Stillman, deceased.

To this answer defendant in error filed a general replication.

Upon the hearing of this proceeding in the court below upon the bill, answer and replication, as above set forth, it is plain that it devolved upon defendant in error, who was complainant in the bill to establish by proper and competent evidence, that Hannah Stillman, at the time of her death, had money on deposit in Heald's National Bank, in the city of Canton, county of Fulton, in the State of Illinois; because it was by the terms of said will out of *such money only*, that plaintiff in error was to have her legacy paid.

Upon examination of all the evidence contained in this record, it appears that defendant in error failed to so prove. It is true, Judge Gray, a witness for defendant in error, details a conversation he had with plaintiff in error, a short time after the death of Hannah Stillman, but when the conversation, as remembered by Judge Gray is carefully considered, we are not satisfied that there was any money on deposit in Heald's National Bank, belonging to Hannah Stillman, at the time of her death; and consequently there was no such fund as the will provided, out of which plaintiff in error could have received the $2,000, which would be a trust fund in the hands of the executrix of said will, with which to pay the legacy bequeathed to defendant in error by the will.

We think the legacy bequeathed to defendant in error by the fourth clause of the last will and testament of Hannah Stillman, deceased, is a specific legacy, and not a general one. In a case before the Supreme Court

of Massachusetts, the ninth clause of the will was as follows:

"I also give to my adopted son the portraits of myself and my late wife, of my said son and of his deceased sister, my gold watch, my books and jewelry of various kinds; also whatever sum may be on deposit in the Provident Institution for Savings in the Town of Boston."

The court says: "The gift to the son of whatever sum might be on deposit in the Provident Institution for Savings is a specific legacy."

"It is a gift of property specified and distinguished from all other property of the testator. If there had been no deposit at the time of the testator's death, the son would have had no claim upon the estate." Towle v. Swasey, 106 Mass. 100–106.

In no part of the will is the legacy given therein to defendant in error, made payable to her generally, so as to justify its payment out of any other property belonging to Hannah Stillman when she died, except "all of the money which at the time of her death she might have on deposit in Heald's National Bank, in the city of Canton, county of Fulton, in the State of Illinois."

While the evidence in this record shows that plaintiff in error received, as executrix of the last will and testament of Hannah Stillman deceased, from her estate, assets generally, it fails to satisfy us that she received the specific fund, out of which the legacy of defendant in error, by the terms of the will, was payable. And inasmuch as the decree of the court below made in this case is not in accordance with the view we take of the evidence in the record, we reverse its decree herein and remand this case to that court for further proceedings therein as in equity may be proper.

Decree reversed and case remanded.