EMILY RICE,

*vs.*

JOHN FRANK RICE, MAGGIE I. RICE, MARY AGNES WEBB, WALTER E. RICE, ANABEL RICE, HAROLD SCHABINGER, ELLEN PETTYJOHN and JOHN FRANK RICE, Administrator c. t. a. of Charles Rice, deceased.

*Kent, Oct. 6, 1920.*

When a pecuniary legacy is given followed by a gift of the "balance of my estate" or other general residuary clause, the legacy is charged on the land which passed as part of the residuary estate.

Where husband bequeathed a pecuniary legacy to his wife, and devised the "balance" of the estate to his children, the wife was entitled to dower in addition to the legacy, and was not put to an election between them, either under Rev. Code 1915, § 3307, such legacy not being a devise of real estate notwithstanding the charging of payment on the real estate in residuary estate, or under equitable principles, there being no inconsistency between such bequest and dower.

In ascertaining whether pecuniary legacy to surviving wife puts her to an election between legacy and dower, the test is the intention of a testator as disclosed by the words he used.

Where a will bequeathed a pecuniary legacy to testator's widow without fixing time for payment and impliedly charged legacy on land devised to the residuary legatees, interest was not payable on legacy until after expiration of one year from testator's death.

BILL TO CHARGE A LEGACY ON LAND. The bill is brought by a legatee to make her pecuniary legacy a lien on land devised as part of the balance of the testator's estate. Charles Rice died in 1918 possessed of personal property and seized of land in Kent County, and his will, afterwards probated, is as follows:

"I, Charles Rice, leave my estate as follows: After all my debts are paid I leave to my wife Emily Rice two thousand dollars ($2,000.00) all the household goods also the poultry.

"The balance of my estate to be divided equally among my children.

"I leave my wife, Emily Rice, to be the executrix of my estate."

The widow having renounced as executrix, an administrator c. t. a. was appointed. The testator left children and grand-

children, the latter the issue of a child who had died before the testator. The personal estate after the payment of the testator's debts and the testamentary expenses was not sufficient to pay the legacy of two thousand dollars to the widow. She claims dower and the legacy, asks that the bequest be declared a charge on the land of the testator which passed under the residuary clause and that the land be sold to pay her legacy with interest from the date of the death of the testator. All the children of the testator and the issue of his deceased children were made parties defendant, and have appeared by solicitors. Answers have been filed by some of the defendants, who deny that the legacy is charged on the land, and assert that the widow must elect to take dower or the legacy, and cannot have both.

A motion of the solicitor for the complainant for a decree notwithstanding the answer has been argued by the solicitors for the respective parties.

*Henry Ridgley*, for complainant.

*William Watson Harrington* and *William M. Hope*, for defendants.

THE CHANCELLOR. The legacy given to the widow is charged upon the lands which the testator devised as part of the balance of his estate, the personalty being insufficient for the purpose. When a pecuniary legacy is given, followed by a gift of the "balance of my estate," or other general residuary clause, the legacy is charged on the land which passed as a part of the residuary estate. That this is the settled rule is not denied. In support of it the complainant's solicitor has cited 2 *Jarman on Wills*, (5th Ed.) *603; *Lewis v. Darling*, 16 *How.* 1, 14 *L. Ed.* 819; *Cook v. Lanning*, 40 *N. J. Eq.* 369, 3 *Atl.* 132; *Williams v. Williams*, 189 *Ill.* 500, 59 *N. E.* 966; *Lacey v. Collins*, 134 *Iowa*, 583, 112 *N. W.* 101; *Knotts v. Bailey*, 54 *Miss.* 235, 28 *Am. Rep.* 348; and other cases to the same effect have been cited.

In the case last cited there was a gift of the "balance of my estate" following a pecuniary and specific bequest, which is the language of the will now under consideration. The Mississippi Court thus aptly stated the principle on which the rule is based:

"If the testator has expressed his intention one way or the other, that must prevail. But there are many cases, where the language of the will is obscure, and where the court must explore the entire instrument to ascertain the purpose. If it is manifest that the design was that the legacies should be paid at all events, no matter in what part of the will it appears, then the implication is fair and just, that the residuary legatee and devisee shall only have the remainder, after the satisfaction of previous dispositions."

In other cases the words, "rest," "residue," "remainder," and the like, were used in the residuary clause. In Delaware in two cases the words "if any there be" after a gift of the "balance" or "remainder" were used in wills in the interpretation of which the rule was applied. *Hilford v. Way*, 1 *Del. Ch.* 342, and *Rambo v. Rumer*, 4 *Del. Ch.* 9. In the latter case Chancellor Bates said:

"The effect of the devise of 'all the balance of my estate' is to make the whole estate, real and personal, an entire fund for all the purposes of the will, debts and legacies, until the payment of which the residuary devisees take nothing. There being no specific devise of real estate, the terms 'all the balance' can have no application but to what remains after paying the debts and legacies."

In the case of *Getchell v. Rust*, 8 *Del. Ch.* 284, 68 *Atl.* 404, Chancellor Nicholson said in passing that in these two cases "the existence of a residuary clause was considered to be demonstrative evidence of an intention to charge a legacy upon the land." The general principle was also recognized in *Ferris v. Ferris*, 11 *Del. Ch.* 171, 98 *Atl.* 215, where, however, the residuary gift was of "whatever residue may remain after all debts and legacies have been paid," and there were other words indicating an intention to charge the legacies on land. So also in the Orphans' Court in the case of *In re Estate of Sutton*, 11 *Del. Ch.* 460, 97 *Atl.* 624, while sitting as Presiding Judge I found that the rule was inapplicable there, but expressed the opinion that the words "if any there be" following a gift of the balance of an estate gave a stronger evidence of testamentary intention than a gift merely of the balance. But no court has so held, so far as I know, and upon further reflection I do not at this time see that the words above quoted have weight to determine testamentary intention. If a testator uses words which show that he intended to dispose of all of his estate regardless of its character, and after making certain gifts concludes with a gift of the balance of his estate,

then there is a blending of personal property and realty, if he have both, and the "balance" includes only what is left of his estate after the prior dispositions have been complied with. Therefore, the legatee is entitled to have her pecuniary legacy paid out of the realty when the personalty is insufficient.

A further question is, whether the widow is entitled to dower in the land of her deceased husband as well as the legacy under his will, or must she elect between them? A widow may be put to her election between dower and the testamentary provision for her, either (1) by virtue of the statute, or (2) by the principles established and enforced in courts of equity independent of statute. Chancellor Bates in *Warren v. Morris*, 4 *Del. Ch.* 289, noted the difference between the statutory and general equitable rules as to election in such cases. By statute if a testator devises to his wife "any portion of his real estate," the devise is to be taken to be in lieu of dower unless the testator declares otherwise. *Revised Code of* 1915, § 3307, *p.* 1523. Quite clearly the pecuniary legacy is not a devise of real estate. The charging of payment of a pecuniary legacy on real estate does convert the gift of money into a devise of real estate. The legal effect of charging the legacy on land is to give the legatee the right to enforce payment thereof by a sale of the land in case the owner of the land charged does not do so voluntarily. The charge is a lien on land, but is not land.

In *Chandler v. Woodward*, 3 *Harr.* 428, the Superior Court in 1842, on an appeal from the Orphans' Court, construed the will of Samuel Woodward. He directed his executors to set apart a sum of money out of his "estate" and pay over the interest thereon to his wife while she remained his widow, and then directed a sale and conveyance of both real and personal estate and a division of the proceeds among his four daughters. The decree of the Orphan's Court that the gift was not a devise of real estate within the meaning of the statute was affirmed in the Superior Court. In the opinion of the latter Court the words of the statute "did not mean a mere pecuniary bequest of a legacy, though the proceeds of the land might be called in to secure payment of such legacy." Therefore, the widow of Charles Rice is not by the statute put to her election.

It is claimed, however, that because the payment of the legacy is by inference charged on the real estate of the testator, the legatee is put to her election between dower and the legacy under the established equitable principles. These principles were stated in this State both in the Court of Chancery and in the appellate court, the Court of Errors and Appeals, in the case of *Kinsey v. Woodward*, 3 *Harr.* 459. After the decision in *Chandler v. Woodward, supra,* that the widow of Samuel Woodward was not by virtue of the statute put to her election, the residuary legatees and executor of Samuel Woodward filed a bill in Chancery to compel her to elect; but Chancellor Johns, Jr., held otherwise, and his decree was affirmed on appeal. The Chancellor found that the assertion of a claim of dower would not defeat the will, for the direction to sell and convey related only to the estate which the testator had, and the estate which he had was subject to the wife's claim of dower. His opinion concluded as follows:

"If on this will the widow can be put to her election, it will be difficult to find any case of a devise of land, after a legacy to the wife, that would not fall within the same principle."

In the appellate Court the general principles applicable were thus stated by Chief Justice Booth:

"In regard to dower, it seems from all the cases to be an established rule, that a court of equity will not compel the widow to make her election, unless it be shown by the express words of the testator, that the devise or bequest was given in lieu or satisfaction of dower; or unless it appears that such was the testator's intention, by clear and manifest implication arising from the fact that the claim of dower is plainly inconsistent with the devise or bequest, and so repugnant to the will as to defeat its provisions. If both claims can stand consistently together, the widow is entitled to both, although the claim under the will may be much greater in value than her dower."

The Court also said that if the testamentary intention was doubtful or uncertain, and not "clear and decisive," an election will not be required, and Lord Alvanly was quoted as having declared that such election would be enforced only where "it is clear, plain and incontrovertible, that the testator could not possibly give what he has given, consistently with the defendants' claim of dower." The Court said very emphatically that the direction of the will to the executors to set apart a sum of money

and the interest thereon to his wife while she remained his widow, and the gift to her of furniture did not contain "the slightest implication of an intention" that she must elect between these provisions and dower. It is true the Court apparently gave weight to the fact that the personal estate of 'the testator was sufficient to pay all debts and legacies including the sum to be set apart for the widow, for it was there remarked:

. "This provision, then for her benefit, is wholly out of his personal estate is not charged upon, and has no reference to his real estate."

But the Court went on to say:

"The annuity and bequest of household furniture, viewed by themselves would be considered simply as the bounty or benevolence of the testator to his wife. There would be no inconsistency between them and her claim of dower, and no repugnance in that claim, to the mere sale itself, of the testator's real estate. * * * So far then, the bequest, annuity, claim of dower and sale of the real estate would all consistently stand together."

. It was also declared that direction to convey "a good and sufficient fee simple title or titles, being of equal title by which I now hold the same" showed only that the conveyance was to pass such title as the testator had at his death; that is, subject to his wife's dower.

This case does not conclude the question now under consideration. It is a binding authority upon the proposition that where the estate of a testator is sufficient to pay all of his debts and legacies a direction to set apart a sum for the benefit of his wife during her widowhood and specific bequests of personalty do not put the widow to her election. Emphasis was also given in the present case by the solicitors for the residuary devisees to the language above quoted as being an authority for the principle formerly asserted in other courts elsewhere, that a legacy to a widow charged on land of the testator puts her to her election. But too much significance should not be given to the above quoted *obiter dictum* of the Court of Errors and Appeals, in view of the principles settled elsewhere.

In *Pomeroy on Equity Jurisprudence, Vol.* 1, (2d *Ed.*) § 500, *p.* 682, it is said:

"The rule may be regarded as firmly established, that an annuity or a rent charge created by the testator in his will in favor of his widow, and charged upon his lands in which she is otherwise dowable, or upon his real and personal property, which are at the same time devised and bequeathed to others, is not of itself, and without additional provisions in the will concerning the property bestowed, inconsistent with the widow's claim to dower in the same lands, and does not of itself, therefore, create the necessity for an election between the annuity or rent charge and her dower."

For this many English and American decisions are cited by this learned and reliable author, and a review of them here is not necessary. If an annuity charged on land of which the widow is otherwise dowable does not put her to her election, a pecuniary legacy would not, though inferentially it be charged on land of the testator.

As each will has features different from all others the ultimate test must be the intention of the particular testator as disclosed by the words he used. Independent of judicial decisions, and considering the only words used by this testator, it is not clear, plain and incontrovertible that he could not possibly have given his wife the legacy consistently with her claim of dower, or that the legacy to her and a claim of dower are totally inconsistent or incongruous. The gift to the testator's children was the balance of his estate, which was his personal property after his debts and the legacy to his wife had been paid, and his real estate subject to his wife's dower. I conclude, therefore, that she is not for any reason put to her election.

Another question is, whether the legacy to the widow bears interest from the death of the testator, or as other pecuniary legacies are, from the expiration of one year therefrom. It is claimed for her that because her legacy is charged on land it draws interest from the date of the testator's decease, and her solicitor cites in support thereof the case of *George v. McMullin*, 3 *Del. Ch.* 269. There interest was expressly given on legacies charged on specific land, and the legacy was payable at a time fixed in the will. In the case of *Custis v. Potter's Adm'r.*, 1 *Houst.* 382, 68 *Am. Dec.* 422, the Court of Errors and Appeals held that a pecuniary legacy payable when the legatee attains a certain age, and not charged upon land, does not carry interest before the time at which it is payable, except where the legatee was a

child of the testator, or one towards whom he stood *in loco parentis*, with no other provision for maintenance. Chancellor Bates in *George v. McMullen, supra*, stated the general rule that a legacy charged upon land bears interest from the death of the testator, and adopted the reason therefor stated by Lord Redesdale in *Pearson v. Pearson*, 1 *Schoales & Lefroy (Irish Chancery)* 10, viz. not that the land charged yields a profit from the death of the testator but "that the necessity of a reasonable time, such as a year, for the executor to get in his personal estate to enable him to pay an ordinary legacy does not apply to a legacy charged upon land, which therefore is payable immediately, and being payable at the testator's death bears interest."

In the will of Charles Rice no time is fixed for the payment of the legacy to his widow, and it is not specifically, but impliedly, charged on land, and is payable from the personal estate of the testator, if it be sufficient. Furthermore, the legatee was not one to whom the testator stood *in loco parentis* with no provision for maintenance, for I found no authority for holding that one stands *in loco parentis* as to his widow. Besides, she is entitled to the provisions which the law gives independent of the will, which in legal contemplation is for her maintenance. From these two decisions the rule applicable here is deducible, viz. where one simply gives a sum of money to his widow and the balance of his estate to his children, the legacy impliedly constitutes a charge upon the testator's land enforceable by the widow, who is not put to an election between the legacy and dower, but is entitled to both; and inasmuch as the legacy is not specifically charged it is payable from the personal estate of the testator if that be sufficient, otherwise she may enforce it against land of the testator; and insamuch as no time was fixed for the payment of the legacy, and it is payable primarily from the personalty, interest is not payable thereon until after the expiration of one year from the testator's death. Therefore, the conclusion is that the widow of Charles Rice is entitled to interest on the legacy only from the expiration of one year from the death of the testator.

The complainant is entitled to a decree declaring that the legacy to her was charged on the real estate of the testator, and it appearing that there is no personal estate of the decedent

applicable to the payment of the legacy, she is entitled to have the farm sold subject to her dower for the payment of the legacy.

In *George v. McMullen,* 3 *Del. Ch.* 269, *Rambo v. Rumer,* 4 *Del. Ch.* 9, and in *Ferris v. Ferris,* 11 *Del. Ch.* 171, 98 *Atl.* 215, decrees ordered a sale of land for the payment of legacies charged on land, in the first case by the sheriff in case the owner of the land charged failed to pay the legacy within a time fixed, and in the two other cases by the personal representative of the testator. In *Rambo v. Rumer,* 4 *Del. Ch.* 9, the Chancellor declined to order a sale until all of the owners of the land were made parties. In the pending cause all of them are parties. A sale subject to dower would manifestly be disadvantageous, at least, to the residuary devisees, but no other course seems open to the Court. The widow may release to the purchaser her dower upon being paid therefor, and it would be beneficial to her and the devisees if she should agree that the farm be sold clear of her dower and accept in lieu thereof an equivalent share of the purchase money calculated as in partition proceedings by tables provided in the rules of the Orphans' Court.