UNIVERSITY OF DELAWARE, a corporation of the State of Delaware, MARTHA ENNIS, ANNA CATHERINE BOOTES, by Eleanor B. Johnson, her next friend, CLAYTON RILEY, ST. GEORGES CEMETERY COMPANY OF RED LION HUNDRED, a corporation of the State of Delaware, DELAWARE SOCIETY FOR PREVENTON OF CRUELTY TO ANIMALS, a corporation of the State of Delaware, MARY NEWTON CAMPBELL, THE DELAWARE HOSPITAL, a corporation of the State of Delaware, RICHARD S. RODNEY AND EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, Executors of the Last Will and Testament of Emma Clark, deceased, ALBERT J. B. NEWTON, HENRY G. NEWTON, THE HISTORICAL SOCIETY OF DELAWARE, a corporation of the State of Delaware, HARRY CLARK, CARRIE CURRY and THE BOARD OF TRUSTEES OF THE FIRST PRESBYTERIAN CHURCH OF DELAWARE CITY, DELAWARE, a corporation of the State of Delaware,

*vs.*

EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, AND RICHARD S. RODNEY, Trustees under the Last Will and Testament of Emma Clark, deceased, and THE BOARD OF TRUSTEES OF THE FIRST PRESBYTERIAN CHURCH OF DELAWARE CITY, DELAWARE, a corporation of the State of Delaware.

*New Castle, May 20, 1932.*

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, and *Thomas F. Bayard,* for complainants.

*Charles F. Richards,* for Equitable Trust Company and Richard S. Rodney.

*Robert H. Richards, Jr.,* for Board of Trustees of First Presbyterian Church of Delaware City.

THE CHANCELLOR: Are the legacies chargeable upon and payable out of the land? This is a question of intention. *Morgan v. Morgan, et al.,* 14 *Del. Ch.* 171, 123 *A.* 185. An intention to charge real estate with the payment of pecuniary legacies may be gathered from the circumstances that after the bequest of such legacies, "the remainder if any" (*Hilford, Adm'r., v. Way, et al.,* 1 *Del. Ch.* 342) or "the balance of my estate, if there be any" (*Rambo, Ex'r., v. Rumer, et al.,* 4 *Del. Ch.* 9) is given to residuary beneficiaries. Chancellor Bates in the last cited case appears to lay stress upon the fact that in the case before him there had been no specific devise of real estate and hence that the ex-

pression "all the balance of my estate," can have no application but to what remains after paying debts and legacies. There was likewise no specific devise of real estate in the case cited from 1 *Del. Ch.* though that circumstance was not noted by the Chancellor as material to his decision. Such also was the situation in respect to the absence of a specific devise of real estate in *Rice v. Rice,* 12 *Del. Ch.* 245, 111 A. 439, and *Walters v. Young,* 12 *Del. Ch.* 297, 114 A. 164, in both of which cases the rule of the earlier Delaware cases was reaffirmed, that where legacies of money are given generally, followed by a gift of the residue of the estate, the real estate may be charged with the deficiency of the personalty to meet the legacies.

In the instant case, there was a residuary gift of all the estate, real and personal, to trustees by item twenty-two of the will. There was no specific devise of realty. The effect of the Delaware decisions as showing an implied charge of legacies upon the real estate deducible from such testamentary provision, is fortified in this case by the provisions found in item twenty-three of the will. That provision is "that the above legacies and devises shall become operative upon and considered in connection with all property which I may own, etc."

The deaths of certain of the legatees in the life time of the testatrix who were neither brothers nor sisters, nor children of brothers or sisters of the testatrix, cause their legacies to lapse. *Revised Code* 1915, § 3389, amended by 36 *Del. Laws, c.* 259; *Todd v. Gambrill, et al.,* 15 *Del. Ch.* 342, 138 A. 167.

Item two of the codicil revokes "the legacy" to the Presbyterian Church. The only legacy to the church is found in item two of the will, quoted in the statement of facts preceding this opinion. That item gives two sums of money to the church—one of five thousand dollars, the income from which is to be used for the general purposes of the church, and the other of one thousand dollars, the in-

come from which is to be used in support of the Sunday School.

The question in connection with the revocation of the "legacy" is—does it revoke the gift of both sums, or, if only one is revoked, which is the one? It seems to me that the testatrix in using the singular word "legacy" in the codicil thought of the total covered by the item in the will. This is not unreasonable, when it is pointed out that the apparent purpose in mentioning two sums in the will was only in order that she might designate the portion of the whole which she wished applied to the general church purposes on the one hand and to the Sunday School on the other.

The bill prays that it may be decreed what amount should be fixed as necessary for the executors to use to erect a fountain in Delaware City (item 12 of the will) and to endow a free bed in the Delaware Hospital (item 14 of the will). Unless the legatees and residuary devisees desire to be heard further upon the matter, the sums stated by the bill to be deemed necessary for those purposes will be decreed.

The lands will be decreed to be charged with a sum sufficient to supply the deficiency of the personal estate to pay the legacies. If these sums are not paid, a sale will be necessary. The executors, however, cannot be ordered to make the sale. *Rambo, Ex'r., v. Rumer, et al.*, 4 *Del. Ch.* 9. The Chancellor's opinion in that case appears at first blush to be at variance with the decree entered by him, for it is to be noted that near the conclusion of the report of the case, it is indicated that he ordered the executor to make the sale. An inspection of the decree in the files of the court shows the executor was in fact ordered to make the sale in order to raise the legacies charged on the land. The only way in which Chancellor Bates' decree can be reconciled with his opinion is to regard the decree as based on a new state of the case occasioned, after the opinion was filed, by the joining as a party of the absent co-devisee of the residue. The bill had prayed for authority to the executor to sell.

The opinion denied power in the court to confer such authority. Later, however, when all the holders of the title to the charged land were brought into court, and, as was the case, the owners of the land by joining in the prayers of the bill thereby in substance requested that the executor sell, the Chancellor evidently considered that the views expressed in the opinion were no longer an obstacle in the way of the executor's proceeding to sell. He may have concluded that, in view of the answers of the residuary devisees and the consent therein contained, no question could thereafter be raised by the devisees or their privies as to the title.

If so, the decree actually entered does not constitute a refutation of the views expressed in the opinion. At all events the opinion appears to me to be well reasoned and to express the only view that is consistent with the nature and character of an executor's function, and his relationship to the two species of property composing the estates of decedents.

It might be well for the parties in interest to consider the advisability of having the trustees, who have power under the will to make the sale of the real estate, to sell the same under an arrangement that the proper sums may be deducted from the proceeds and applied to the deficiencies in the legacies. The solicitors might arrange the mechanics by stipulation.