JEFFERSON COOPER, Executor of John H. Bishop, deceased,

*vs.*

EMMA D. BISHOP, MARGARET LEANERD, LEWIS LEANERD, JR., ELIZABETH ANDERSON, ALLENA KNOTTS, LILLIE M. COOPER, AND LAURA HARRINGTON.

*New Castle, Nov. 4, 1932.*

*George C. Hering, Jr.,* of the firm of Hering & Morris, for complainant.

*Edmund S. Hellings,* for Emma D. Bishop.

THE CHANCELLOR: The will of the testator need not be set out in full. In items three, four, five, six and eight it makes specific devices of parcels of real estate to the testator's wife and four living children respectively. Item seven bequeaths pecuniary legacies of two thousand dollars to each of the testator's two grandchildren, children of a deceased daughter, stating that the amount so given represented what the testator had intended to leave to his deceased daughter had she lived.

Having made these dispositions, the will then proceeds as follows:

"Item 9. All the rest of my real estate, not disposed by the above provisions of my will, I direct my executor hereinafter named, to sell the same either at public or private sale to the highest and best bidder, and give to the purchaser thereof a good and sufficient deed, and divide the proceeds thereof, after the payment of my just debts and funeral expenses share and share alike among my wife, Emma D. Bishop, and my following children, to-wit:

"Elizabeth Anderson, Allena Knotts, Lillie M. Cooper and Laura Harrington, their heirs, executors, administrators and assigns.

"Item 10. All the residue, rest and remainder of my estate, real, personal and mixed, I order and direct my executor herinafter named, to distribute equally, share and share alike, among my wife, Emma D. Bishop and my following children, to-wit:

"Elizabeth Anderson, Allena Knotts, Lillie M. Cooper, and Laura Harrington their heirs, executors, administrators and assigns."

The testator's personal estate at the time of his death amounted to only a little over six hundred dollars.

In addition to the real estate specifically devised by items three, four, five, six and eight, the testator died seised of three other parcels.

By virtue of the authority conferred by item nine of the will, the executor sold the three parcels just referred to, realizing therefor $2,477.42. The balance now remaining in the hands of the executor awaiting distribution is the sum of $754.41.

The particular question upon which instructions are sought is whether the balance in hand should be applied *pro tanto* to the legacies of two thousand dollars each to the grandchildren, or whether it should be paid to the widow and four children.

The four children have suffered decrees *pro confesso* to be entered against them, evidently taking an attitude of indifference toward the matter. The widow, however, has answered and asserted a claim that the balance in hand is payable to her and the children, each taking a one-fifth.

It is apparent that the balance in hand springs from

the proceeds of the sale of real estate authorized by the ninth item of the will. The solicitors for the executor, who have filed the only brief in the cause, advance the view that this balance is payable on account of the legacies to the grandchildren. They cite *Walters v. Young, et al.,* 12 *Del. Ch.* 297, 114 *A.* 164, in support of that view. But that case is not at all analogous in principle to this one; for in that case the question was whether a general legacy is chargeable on land, where there is a general residuary clause in which real and personal property are mingled, unpreceded by any disposition of real estate. Where such is the case, it is well settled in this State that the legacy is chargeable on residuary real estate. Not only does *Walters v. Young* so hold, but so also do *University of Delaware, et al., v. Equitable Trust Co., et al.,* 18 *Del. Ch.* 335, 160 *A.* 754; *Hilford, Adm'r., v. Way,* 1 *Del. Ch.* 342; *Rambo, Ex'r., v. Rumer, et al.,* 4 *Del. Ch.* 9; and *Rice v. Rice,* 12 *Del. Ch.* 245, 111 *A.* 439. In all of these cases there was no devise of real estate preceding the operation of a residuary clause. In that particular, the instant case, if it were a case involving the charging of a legacy upon land, would be distinguishable, for here there are several devises of real estate preceding the so-called residuary clause. Whether this distinguishing particular is of importance as might be argued from the observations of Chancellor Bates in *Rambo, Ex'r., v. Rumer, et al.,* I am not called upon to say, for as hereinafter stated, it is a mistaken view to take, that the question which this will presents is whether general pecuniary legacies are chargeable upon real estate found commingled with personalty in the residue. I may say in passing that the distinction which Chancellor Bates' remarks in *Rambo, Ex'r., v. Rumer, et al.,* suggests as a *quaere,* and to which I alluded in *University of Delaware v. Equitable Trust Co., supra,* was not observed in *Turner v. Gibb, et al.,* 48 *N. J. Eq.* 526, 22 *A.* 580, and was apparently expressly rejected as of any

significance in *Francis v. Clernow*, 2 *Eq. Rep.* 426, 69 *Eng. Reprint*, 184, and *Wheeler v. Howell*, 3 *Kay & J.* 198, 69 *Eng. Reprint*, 1079.

But, as just stated, we are not concerned in this case with questions of that sort. Here there was a conversion of all the remaining land by the direction found in item nine that it be sold. *Pierce, Ex'r., v. Collins, et al.*, 15 *Del. Ch.* 99, 131 *A.* 536; *In re Journey's Estate*, 7 *Del. Ch.* 1, 44 *A.* 795. The proceeds were not intended by the testator to fall into the general residue, for item nine expressly disposes of them and the general residue is provided for in another, the next following, item. Item nine is to be regarded as creating a specific fund out of which debts and funeral expenses are first to be paid (general legacies are not mentioned) and the balance is to go to particular legatees. A bequest of a sum specifically identified, though its precise amount is not ascertained at the time the will is executed, is a specific legacy. It was so held in *Barber v. Davidson*, 73 *Ill. App.* 441, where the bequest was of whatever sum the testator might have on deposit in a bank at his death; and in *Manlove v. Gaut*, 2 *Tenn. Ch. App.* 410, which more closely approximates the instant case, it was similarly held that the legacy was a specific one when the bequest was of money left in bank after the payment of expenses and doctor's bills. See, also, *In re Grainger*, (1900) 2 *Ch.* 756; *Matter of Barry's Estate*, 138 *Misc.* 519, 246 *N. Y. S.* 456.

Item nine is accordingly to be considered as bequeathing a specific legacy; and the proposition advanced by the executor is that it should be made to give ground in favor of general legacies. That cannot be done. To allow it would be to disregard the settled rule of law governing the subject, which is categorically stated by the Court of Errors and Appeals of this State in *Cooch's Ex'r. v. Cooch's Adm'r., et al.*, 5 *Houst.* 540, 1 *Am. St. Rep.* 161, to be that "in the payment of legacies those of a specific nature are to be paid before general ones."

The conclusion that the general pecuniary legacies given by item seven of the will are not to be paid at the expense of the specific legacies conferred by item nine, is further strengthened by the fact that there is a general residuary clause (item ten), showing that the testator when he made his will contemplated a surplus in his estate after all the devises and bequests were taken out. If so, what room is there to presume that he meant the general legacies to his grandchildren, contrary to the settled rule, to outrank the specific legacies payable out of the proceeds created by item nine? The fact that the estate, when he died, contained no general residue is of no moment in this connection, for the condition of his affairs, when he made his will, may have been such as to indicate enough of assets to leave a residue over and above all the legacies and devises.

This case has been presented on the theory that if the legacies to the grandchildren are not superior in right to the claim of the widow and children to the proceeds of the sale of real estate authorized by item nine, then the grandchildren will receive nothing. If that, however, be the result of the testator's will, it must stand. Courts will not rewrite testaments. But, a cursory glance at the executor's account suggests that there may be another theory which the solicitors have overlooked by which the grandchildren might be admitted to a partial enjoyment of their legacies. This theory is based on the fact that the personal estate not specifically disposed of amounted to something over six hundred dollars, and yet it appears to have been applied to the payment of debts. But the proceeds of the sale authorized by item nine were specifically directed to be applied to the payment of debts and funeral expenses. That being so, is not the personal estate exonerated from the burden of debts and funeral expenses. If so, it would follow that the general legatees are entitled to have the personal estate applied on account of their legacies undi-

minished by debts and funeral expenses which the proceeds charged with their payment by item nine of the will are ample to pay. It occurs to me that before the court is presented with a decree giving instructions which will dispose of the funds in hand, the suggestion I have just made should receive the attention of the solicitors in the cause.