SECURITY TRUST COMPANY, a corporation of the State of Delaware, Executor and Trustee under the Last Will and Testament of Blanche Ainscow Bulcroft, deceased,.

*vs.*

WILLIAM F. BULCROFT, SUSANNE YOUNG, ALFRED L. A. YOUNG, MABEL O'CONNOR HILL, Executrix of the Last Will of Emily J. O'Connor, deceased, MABEL O'CONNOR HILL, JAMES HILL, JOHN HILL, VERA CROSSGROVE and MILDRED CROSSGROVE.

*New Castle, June 26, 1936.*

244

*James M. Malloy,* for complainant.

*Robert H. Richards, Jr.,* for William F. Bulcroft.

*Albert L. Simon,* for Alfred L. A. Young.

*James R. Morford,* of the firm of Marvel, Morford, Ward & Logan, for guardian *ad litem* of Susanne Young.

*E. Ennalls Berl,* of the firm of Ward & Gray, for Mabel O'Connor Hill, James Hill, and John Hill and Mabel O'Connor Hill executrix of Emily J. O'Connor, deceased.

*Ivan Culbertson,* of Wilmington, for Vera Crossgrove and Mildred Crossgrove.

THE CHANCELLOR: A line of decisions in this State firmly settles the rule that real estate carried in a general residuary gift of all that remains, or what is left, or the rest and residue, after debts and legacies have been paid, is chargeable with pecuniary legacies in case the personal estate is insufficient for the purpose, to the extent of the insufficiency. *Hilford v. Way,* 1 *Del. Ch.* 342; *Rambo v. Rumer,* 4 *Del. Ch.* 9; *Getchell v. Rust,* 8 *Del. Ch.* 284, 291, 68 *A.* 404; *Ferris v. Ferris,* 11 *Del. Ch.* 171, 98 *A.* 215; *Rice v. Rice, et al.,* 12 *Del. Ch.* 245, 111 *A.* 439; *Walters v. Young, et al.,* 12 *Del. Ch.* 297, 114 *A.* 164; *University of Delaware, et al., v. Equitable Trust Co., et al.,* 18 *Del. Ch.* 335, 160 *A.* 754; *Cooper, Ex'r., v. Bishop, et al.,* 19 *Del. Ch.* 98, 163 *A.* 644. The rule is not founded in technical considerations. It is a subsidiary of the cardinal one that in

interpreting wills the aim of the court should be to discover the testator's intent, and it is employed only as an aid to that end. As was indicated in *Morgan v. Morgan, et al.,* 14 *Del. Ch.* 171, 123 *A.* 185, whether legacies are chargeable on land is a question referable solely to the intent of the testator. Where a testator's estate includes both personalty and realty and, after bequeathing general pecuniary legacies, he gives all the remainder of his estate to a residuary legatee and devisee, it is to be supposed that the real estate composing the sole residue is chargable with the legacies, when it is apparent that at the time the will was made the personalty must have been known by the testator to be insufficient to satisfy the legacies. In such case the reason is strong for inferring an intent that the legacies may look to the real estate for satisfaction to the extent of the personalty's deficiency. In *Walters v. Young et al., supra,* the Chancellor expressed a dictum that it was enough if the personalty showed a deficiency for legacies at the time of the testator's death regardless of its condition as of when the will was executed. Whether this dictum accords with the rationale of the rule may be very seriously doubted. It is not necessary in the instant case, however, to examine the question which the dictum raises, for here, as I gather from the evidence, the personal estate available for general legacies at the time the will was made was less by about thirty thousand dollars and when the testatrix died by about thirty-three thousand dollars than enough to cover them. And those figures are reducible by what would be required to cover debts (exclusive of the note and the mortgages before referred to), funeral expenses and costs of administering the estate, all of which turned out actually to be close to fifteen thousand dollars. So that, considering that the testatrix must have known what every one who is only slightly familiar with the settlement of estates does know, *viz.,* that debts, funeral expenses and administration costs are ahead of legacies, the deficiency of her personal estate below the total of the general legacies

bequeathed by her, instead of being thirty thousand dollars or thirty-three thousand dollars as above stated, exclusive of the items mentioned, according as the date of the will or the date of death is taken, would be forty-five thousand dollars or forty-eight thousand dollars.

Now it may be true that if the balance of personal estate available for general legacies lacks only a trifling sum, such, to emphasize the thought, as one hundred dollars, to meet them in full, it would be unreasonable to say that the testator intended the real estate embraced in a residuary gift to be chargeable with the deficiency; for in that case it might well be that the small size of the deficiency was a result of a mere miscalculation by the testator of the value realizable from his personalty, and is not revelatory of an intent to throw any part of the burden of the legacies upon the real estate. See *Briggs v. Carroll,* 117 *N. Y.* 288, 22 *N. E.* 1054. In the instant case, however, the deficiency of the personal estate in a substantial amount to meet the general legacies must have been manifest to the testatrix if she gave any thought to the matter, as we must assume she did. It was of such size that it must be inferred that she intended that recourse should be had to her real estate to make it up. The evidence is not persuasive that her annual income was of sufficient amount as to indicate a reasonable expectation on her part that she could build her personal estate up to a size that in the course of a few years would enable the legacies to be fully paid from it. She may have indulged a hope of that kind and her optimism may have led her to think that perhaps her investments would experience an increase in value with the passing of time. The presence of the residuary clause does not necessarily indicate such a hope and optimism. In view of the state of her investments both when the will was made and when she died, the residuary devise is rather to be understood as a provision, inserted out of an abundance of precaution, which would operate if anything might, contrary to present prospects, develop to invoke its opera-

tion after the legacies were fully satisfied. To view it in any other manner would be to compel realism to give way to imagination.

The conclusion is, then, that the real estate is chargeable with the deficiency of the personal property to meet the general legacies.

2. The briefs discuss the question of whether the executor was justified in applying $8,425.33 in satisfying two mortgages which were a lien on one of the pieces of real estate left by the testatrix. These mortgages were given by one who was a predecessor in title to the testatrix. The mortgagees did not hold the personal obligations of the testatrix. It is contended that the executor had no right to apply any portion of the fund applicable to legacies to the discharge of liens on land to the benefit of the residuary devisee. This question, however, in view of the conclusion just stated, *viz.*, that the lands are chargeable with the legacies, appears to be conceded as of no further interest, for the satisfaction of the liens, in view of that conclusion, operated not for the benefit of the residuary devisee but for the benefit of the general legatees, since there will still be a deficiency below the legacies even with the full value of the land appropriated to their payment. The land to which they may look is liberated from the burden of the liens. The only possible question that can now arise in connection with the payment of the mortgages is whether the executor exercised prudence in protecting the equity in the property for the benefit of the legatees. That question is not presented by this bill. It is therefore not passed on.

It is not proper for the court to pass on the question presented under this head, because the payment of the mortgages was an accomplished fact when the bill was filed. The propriety of the payment is therefore not a matter for instructions. If it is to be questioned, it is a matter for suit at law or perhaps a bill for an accounting in equity.

3. The next and final question is whether or not the husband of the testatrix is entitled to receive equitable income during the period of administration on the fifty thousand dollar legacy bequeathed to the complainant as trustee for him for life, remainder over. The trust was to pay all the net income in quarterly installments to the husband of the testatrix for and during the term of his natural life, and after his decease, etc.

With respect to general pecuniary legacies, they are not due and payable until one year after the testator's death and do not bear interest until after expiration of that time. *Custis & Wife v. Potter's Adm'r.,* 1 *Houst.* 382, 68 *Am. Dec.* 422. Where, however, a testator bequeaths a residue to a trustee for his widow or child or to one to whom he stood in *loco parentis,* with remainder over, this court allows equitable income to the beneficiary from the date of the testator's death. *Equitable Guarantee & Trust Co. v. Mc-Curdy, et al.,* 11 *Del. Ch.* 156, 98 *A.* 220; *Equitable Trust Co. v. Kent, et al.,* 11 *Del. Ch.* 334, 101 *A.* 875. In these two cases, the life beneficiary was a child of the testator. In *Wilmington Trust Co. v. Blades, et al.,* 20 *Del. Ch.* 98, 171 *A.* 757, annual payments of definite sums out of the income of the residue which was given in trust, were decreed to be payable from the testator's death, notwithstanding the beneficiaries were neither children of the testator nor persons to whom he stood in *loco parentis,* to the extent that income sufficient for the purpose was realized. Thus, in that case the question was not one of equitable income.

In the instant case the legacy to the trustee is a general pecuniary one and was not to arise out of the residue. The legacy is a fixed sum and is not under any possibility subject to increase in consequence of a saving of income during the course of administration as in the case of a residuary legacy which is indefinite in amount and capable of growth by the increment of income during the course of administration. There is therefore in the case of such a legacy as this one, no danger of enriching a remainderman at the

expense of the life beneficiary if income be devised to the life beneficiary during the period of administration, and the reasoning adopted in *Wilmington Trust Co. v. Blades, et al., supra,* can therefore have no application. It is of course true that if equitable income during the period of administration be denied to the life beneficiary of the trust, to the extent, if any, that it has been earned, the residuary legatee would be benefitted, assuming that there is a residue left after debts, costs and legacies have been paid. But that is so with respect to all general pecuniary legacies, and the courts have not been influenced by that consideration to vary the rule that general pecuniary legacies are not entitled to enjoy interest until after they are payable. If the legacy to the husband had been of the fifty thousand dollars outright, a claim to interest thereon during the period of administration would clearly be untenable. It is difficult to see how the circumstance that a trustee is to manage the fund for him and pay him the income, instead of his managing it himself and collecting its yields, can serve to alter the principle by which the time when interest is payable is governed. Equitable income as a practical matter is expressed in terms of interest on the money. With respect to interest on this legacy of fifty thousand dollars to a trustee for the husband, no reason is apparent why it should not abide the result of the principle applicable to all general pecuniary legacies. The authorities are not harmonious on the question. They may be found collected in 69 *C. J., p.* 942. Generally speaking the rule of allowing as equitable income a given rate of interest on the residue, is thought to be just and fair in its operation, and therefore desirable as an administrative formula, though it is entirely conceivable that in particular cases it may work an inequity. It has been adopted in this State; but its application has heretofore been confined to trusts of the residue for one for life with remainder over. I am of the opinion that its application should not be extended further, unless some particular language in the will is found

to justify it. There is no such language in the will now before the court.

The conclusion is that the legacy of fifty thousand dollars to the trustee stands in the same category as any other legacy of a general pecuniary character and is therefore not entitled to equitable income during the period of administration. In view of this conclusion, it becomes unnecessary to consider the further question which was argued on one of the briefs, *viz.*, whether the rate of four and one-half per cent. which Chancellor Curtis allowed in *Equitable Trust Co. v. Kent, et al., supra,* as the measure of equitable income should be lowered in view of the alleged reductions in the earning power of money since his decision was rendered in 1917.

Decree in accordance with the foregoing.