ALBERT W. JAMES, Executor of the Last Will and Testament of Joseph Naman, deceased,

*vs.*

EQUITABLE SECURITY TRUST COMPANY, a corporation of the State of Delaware, Trustee under the Last Will and Testament of Joseph Naman, deceased; ROSE NAMAN and MINNA NAMAN TESSLER.

*New Castle, February 1, 1955.*

*Edmund D. Lyons,* of Morris, James, Hitchens and Williams, Wilmington, for plaintiff.

*William A. Worth, Jr.,* of Richards, Layton & Finger, Wilmington, for defendant Equitable Security Trust Co.

*Harry Rubenstein,* Wilmington, and *Howard M. Handelman,* for defendant Rose Naman, *Wilfred J. Smith, Jr.,* Wilmington, for defendant Minna Naman Tessler.

MARVEL, Vice Chancellor: Joseph Naman died a resident of Wilmington, Delaware, on February 1, 1954, leaving a widow and a married daughter who are the beneficiaries named in his will. Mr. Naman's last will, which he had executed on December 22, 1953, was admitted to probate in New Castle County. It named Albert W. James, executor, and Mr. James' complaint requests instructions from this court on whether or not to sell or burden the testator's residuary real estate in order to pay the testator's widow a pecuniary bequest of $5,000 and to establish a trust which taxes maximum advantage of the marital deduction provision of the Federal Estate Tax Law, there being little or no personal property available for the payment of such bequests. A copy of the inventory of the Naman estate attached to the complaint and the stipulation filed by counsel, disclose that at Mr. Naman's death his entire net personal estate was estimated to have a value of approximately $3,500, while his real estate was appraised as having a fair market value in excess of $75,000. The will makes a specific devise of the testator's residence, directs the payment of certain specific bequests, the pecuniary bequest of $5,000 to his widow, directs the setting up of the marital deduction trust, and then places the residue and remainder of the estate, "real and personal" in trust for the benefit of the testator's widow and daughter.

The named trustee, Equitable Security Trust Company, has answered, admitting the allegations of the complaint as to which it has knowledge and undertaking to abide by the court's conclusions as to what the testator intended. The testator's widow and daughter,[1]

1. Mrs. Tessler, the testator's daughter and a named beneficiary of the trust set up in the residuary clause, has taken a position apparently adverse to her financial interest. She has no children.

the other defendants, by their answers have in effect admitted paragraphs 1 through 14 of the complaint but contend that the will must be so construed as to require that the pecuniary bequest of $5,000 to the widow be paid out of the residue [2] of the estate and that the marital deduction trust directed to be set up under item VI of the will, be similarly carved out of the residue.

The case is submitted for decision by all persons in being having an interest in the Naman will, on the pleadings, a stipulation of facts and briefs filed by the individual defendants, and the judgment to be entered will be a final judgment.

It is readily apparent that there is no cash available for the creation of the testamentary trust planned for the widow's immediate benefit under item VI of the testator's will. Furthermore, both at the time of the execution of the will and when the testator died, the net personalty available for the limited purpose of paying the legacy given in item V of the will was utterly inadequate.

It is generally accepted that when a testator makes pecuniary bequests but fails to make specific devises, leaving the remainder of his estate, real and personal as residue, he intends that the bequests be paid out of such residue, including real estate, if cash is not available, and the fact that the residue actually consists entirely of real estate is apparently unimportant. Such a residue made up entirely of real estate has been applied first to the payment of debts and then to payment of legacies, *Walters v. Young,* 12 *Del.Ch.* 297, 114 *A.* 164. It is also clearly established in Delaware that when personalty is unavailable for general or pecuniary bequests when a will is executed as well as when the testator dies and the will contains a general residuary clause made up in part of real estate, it is presumed that the testator was aware of the fact that his personalty would be insufficient to satisfy the legacies and that he intended that all of his real estate left as residue be used to the extent necessary to pay such legacies, *Rambo v. Rumer,* 4 *Del.Ch.* 9; *University of Delaware v. Equitable Trust Co.,* 18 *Del.Ch.* 335, 160 *A.* 754; *Security Trust Co. v. Bulcroft,*

2. This residue while technically a so-called "blend" of personal and real estate obviously consists entirely of real estate.

21 *Del.Ch.* 242, 187 *A.* 13. In the case last cited the Chancellor stated that if a deficiency of personalty was trifling, an intent to burden residuary realty with the payment of legacies could not be inferred, but the reverse was true when such deficiency was substantial.

 While the business of the testator, which was that of buying and selling scrap metal, is one that is subject to violent price fluctuations, it is unconceivable that Mr. Naman was not aware of the fact that as his will was written it would be necessary for his real estate to be charged to a substantial extent with the burden of paying pecuniary legacies to his widow, the person he wished primarily to benefit. When a will is written shortly before death there is a presumption that the testator was aware of the size and nature of his estate to be, *Campbell v. St. Joseph's Industrial School,* 30 *Del.Ch.* 84, 53 *A.2d* 768.

The rule which burdens residuary real estate with the payment of legacies, in the absence of an express intention to the contrary, under one or more of the circumstances discussed above, has been applied consistently in Delaware when the will does not make a specific devise of real estate. In *Rambo v. Rumer, supra,* the court, by way of dictum, commented that as the will in question did not contain a specific devise of land, the terms "all the balance of my estate" could only mean what remained of the estate after payment of debts and legacies. In the case of *Cooper v. Bishop,* 19 *Del.Ch.* 98, 163 *A.* 644, the Chancellor, commenting on *Rambo v. Rumer* stated that while the distinction[3] mentioned in that case had not been recognized or rejected in Delaware, it had not been observed in *Turner v. Gibb,* 48 *N.J.Eq.* 526, 22 *A.* 580, and had been expressly rejected in *Francis v. Clernow,* 2 *Eq.Rep.* 426, 69 *Eng.Reprint* 184 and *Wheeler v. Howell,* 3 *Kay and J.* 198, 69 *Eng.Reprint* 1079. The majority of the Ameri-

---

3. The argument in support of the so-called distinction reasons that if some real estate is devised specifically in a will the use of the words "residue" or "remainder" in a residuary clause means not the remainder of the estate after payment of debts and legacies but that the testator intended that the residue or remainder of real estate should go to the person or persons named in the residuary clause.

can cases [4] accept the English rule which merely removes the specifically devised real estate from that to be charged with the payment of legacies, a view which was recognized by the House of Lords in *Greville v. Browne,* (1859) *7 H.L.Case* 689, 11 *Eng.Reprint* 275.

■ Against this factual background and the applicable law, the court resolves plaintiff's request for instruction as follows: there being no testamentary intent to the contrary, real estate specifically devised in Item II of the will may not be sold or burdened in order to pay legacies.

■ The beneficiaries named in the will being parties, who have appeared and answered, and the will containing authority for the executor to sell real estate and pay legacies in cash or in kind, residuary real estate may be sold or conveyed to the named legatee in the amount necessary to satisfy in full the $5,000 legacy directed under Item V of the will. Residuary [5] real estate may be similarly sold or conveyed to the extent necessary to set up the trust directed under Item VI of the will, compare *University of Delaware v. Equitable Trust Co., supra.*

Counsel may confer with the court on the type of order required to bring about payment or satisfaction of the legacies bequeathed in Items V and VI of the will.

4 The English rule appears to have been accepted generally in this country with the possible exception of the courts of New York where legacies are not paid out of residuary real estate even where a specific devise of real estate is not made in the will unless there are provisions in the will or other circumstances which show that it was clearly the testator's intention that residuary real estate be so burdened. 42 *A.L.R* at page 674 *et seq.*

5. The standard language of item VI which is designed to take maximum advantage of the marital deduction provision of the Federal Estate Tax Law refers to payment of the indicated legacy in property equaling "one-half of the value" of the testator's gross estate in the form of "cash and/or securities". The inventory of decedent's estate discloses he owned no securities and little cash. Having held that the testator intended this legacy to be paid and that he must be presumed to have known the nature of the estate he would leave, I conclude that VI makes a pecuniary legacy chargeable against residuary real estate.